UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    Chapter 11

MIDTOWN CAMPUS PROPERTIES, LLC,           Case No. 20-15173-RAM

                    Debtor.

_____/

**U.S. BANK NATIONAL ASSOCIATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING MAINTENANCE OF CERTAIN EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM (II) WAIVING CERTAIN U.S. TRUSTEE REQUIREMENTS IN CONNECTION THEREWITH (III) EXTENSION OF TIME TO COMPLY WITH THE INVESTMENT GUIDELINES OF SECTION 345(B) AND (IV) GRANTING RELATED RELIEF**

       U.S. Bank National Association, as trustee under that certain Trust Indenture dated as of January 1, 2019, by and between Florida Development Finance Corporation and the Trustee ("U.S. Bank"), through the undersigned counsel, hereby files this Memorandum of Law in support of its *Objection to Debtor's Emergency Motion For Entry Of Interim and Final Orders (I) Authorizing Maintenance of Certain Existing Bank Accounts and Cash Management System (II) Waiving Certain U.S. Trustee Requirements In Connection Therewith (III) Extending Time To Comply With 11 U.S.C. §345 Investment Guidelines And (IV) Granting Related Relief* (Doc. No. 36) (the "Objection") and states as follows:

## BACKGROUND

       1.      On January 31, 2019 ("Closing Date"), Florida Development Finance Corporation issued its Student Housing Revenue Bonds (Midtown Campus Properties, LLC Student Housing

Project), Series 2019 (Taxable) in the aggregate amount of $77,820,000 (the "<u>Bonds</u>" or "<u>Issuer's</u> <u>Bond Indebtedness</u>"). The proceeds of the Bonds were loaned to Midtown Campus Properties, LLC ("<u>Debtor</u>" or "<u>Borrower</u>") for the purpose of, among other things, constructing a 6-story, multi-use building, in Gainesville, Florida (the "<u>Project</u>") pursuant to that certain Loan Agreement dated January 1, 2019 (the "<u>Loan Agreement</u>") between the Issuer and the Debtor.

2.      The issuance of the Bonds and the administration of Bond proceeds are expressly governed by the terms of a certain Trust Indenture between the Florida Development Finance Corporation ("<u>FDFC</u>" or "<u>Issuer</u>") and U.S. Bank National Association ("<u>U.S. Bank</u>"), as indenture trustee (the "<u>Indenture Trustee</u>" or "<u>Trustee</u>"), dated as of January 1, 2019 (the "<u>Indenture</u>").  A true and correct copy of the Indenture is filed with the Court. (Doc. No. 37.) In purchasing the Bonds, the investors relied upon the terms of an offering document issued by the Issuer and authorized by the Debtor describing the terms of the transaction, a copy of which has also been filed with the Court. (Doc. No. 37.)  As provided in the Indenture, the Indenture Trustee received a first-priority, perfected security interest in and mortgage upon the Project.

3.      In accordance with the terms of the Indenture, the Trustee established those certain sixteen (16) accounts and funds upon the issuance of the Bonds (collectively, "<u>Indenture Trustee</u> <u>Accounts</u>"). These Indenture Trustee Accounts and the funds contained therein are held and disbursed solely by the Indenture Trustee pursuant to the terms of that certain Indenture.

4.      On May 8, 2020 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

5.      As of the date hereof, no creditors' committee has been appointed in this case. In addition, no trustee or examiner has been appointed.

6.      The Debtor is operating its business and managing its affairs as Debtor in Possession pursuant to 11 U.S.C. §§1107(a) and 1108.

7.      On May 15, 2015, Debtor filed its *Emergency Motion For Entry Of Interim and Final Orders (I) Authorizing Maintenance of Certain Existing Bank Accounts and Cash Management System (II) Waiving Certain U.S. Trustee Requirements In Connection Therewith (III) Extending Time To Comply With 11 U.S.C. §345 Investment Guidelines And (IV) Granting Related Relief* ("Bank Account Motion").

8.      As a part of the Bank Account Motion, Debtor seeks to maintain and control the Indenture Trustee Accounts. Each of the Indenture Trustee accounts are listed on Exhibit A to the Bank Account Motion.

9.      Specifically in the Bank Account Motion, the Debtor requests authority to treat the Indenture Trustee Accounts for all purposes as accounts of the Debtor, as debtor in possession. The justification for doing so is based on the U.S. Trustee guidelines requiring the Debtor to close/reopen its existing bank accounts.

10.      On May 19, 2020, U.S. Bank, as the Indenture Trustee, filed its objection to the Bank Account Motion because the Indenture Trust Accounts do not constitute "bank accounts" within the meaning of the U.S. Trustee guidelines and do not constitute property of the Debtor's bankruptcy estate.

11.      On May 29, 2020, the Court entered its Interim Order (I) Authorizing Maintenance of Certain Existing Bank Accounts and Cash Management System (II) Waiving Certain U.S. Trustee Requirements in Connection Therewith (III) Extension of Time to Comply with the Investment Guidelines of Section 345 (B) (IV) Granting Related Relief And (V) Setting Final

Hearing ("Interim Order") (Doc. No. 52). A final hearing on the Motion to Maintain Bank Accounts is scheduled to take place on June 15, 2020.

12.    In the Interim Order,[1] the Debtor and U.S. Bank reserved all of their rights with respect to the characterization, ownership and/or disposition of the Indenture Trustee Accounts and the Bond Funds contained therein. (Doc. No. 52, ¶ 3.)

## MEMORANDUM OF LAW

13.    The Indenture Trustee Accounts and the Bond Funds are not property of the bankruptcy estate; they are property of the trust estate created under the Indenture. Bankruptcy Code § 541(d) states that property in which the debtor holds a legal but not equitable interest becomes property of the estate only to the extent of such prepetition interest. Prior to the bankruptcy filing, the Debtor had no control or entitlement to control the Indenture Trustee Accounts and had no entitlement to the Bond Funds. The Indenture is clear on this issue. The only "interest" the Debtor held prepetition was a reversionary interest in the Bond Funds upon satisfaction of the Issuer's Bond Indebtedness. Here, the Issuer's Bond Indebtedness has not been satisfied in full. Because the Issuer's Bond Indebtedness has not been satisfied in full, the Debtor has no present possessory interest in either the Indenture Trustee Accounts or the Bond Funds. Therefore, neither the Indenture Trustee Accounts nor the Bond Funds are property of the bankruptcy estate under § 541.

14.    The plain language of the Indenture also supports the conclusion that the Indenture Trustee Accounts and the Bond Funds are not property of the bankruptcy estate. In fact, the Indenture specifically states that the Indenture Trustee Accounts are separate trust funds held for

---

[1] The Court waived the U.S. Trustee Guidelines requiring Debtor to close all existing bank accounts and open new debtor-in-possession accounts with respect to the Indenture Trustee Accounts. (Doc. No. 52, ¶ 2.)

the bondholders and are not property of the Debtor. (Doc. No. 37, p. 66, § 5.16.)  The language in the Indenture is as follows:

> All money required to be deposited with or paid to the Trustee for deposit into any Fund or Account and all money withdrawn from the Bond Fund and held by the Trustee shall be held by the Trustee, in trust, and such money shall, while so held, constitute part of the Trust Estate and be subject to the lien hereof. Money held in any Account in the Bond Fund shall constitute a separate trust fund for the Holders of the related Series and **shall not constitute property of the Issuer or the Borrower**.[2]

(Doc. No. 37, p. 66, § 5.16.)

15.    The Indenture defines "Bond Fund" as "each trust fund by that name created pursuant to Section 5.01 hereof," which provides for the creation of the Indenture Trustee Accounts.[3]  (Doc. No. 37, pp. 13; 55, § 5.01.)

16.    Thus, the Indenture Trustee Accounts and the Bond Funds are not property of the Debtor, and therefore, cannot be property of the bankruptcy estate under § 541.

16.    While U.S. Bank recognizes that the definition of "property of the estate" is expansive, it does have limitations. And a court cannot expand property of the estate beyond what a debtor had at the commencement of its case. As the Eighth Circuit Court of Appeals observed in *In re N.S. Garrott & Sons*:

> [T]he definition was not designed to enlarge the debtor's rights against others beyond those existing at the commencement of the case. In fact, the broad definition of the debtor's estate is modified and limited by subsection (d) of the section 541 of the Code. 11 U.S.C. § 541(d) states: Property in which the debtor holds, as of the commencement of a case, only legal title and not equitable title . . . becomes property of the estate under subsection (a)(1) and (2) of this section only to the

---

[2] Borrower is a defined term to mean Midtown Campus Properties, LLC.

[3] The following funds and accounts were created under the Indenture: (a) A Bond Fund and therein: (i) a Principal Account, (ii) an Interest Account and (iii) a Special Redemption Account; (b)  A Debt Service Reserve Fund; (c) A Project Fund and therein: (i) a Construction Account and within the Construction Account a Liquidity Subaccount; (ii) a Costs of Issuance Account, and (iii) a Capitalized Interest Account; (d)  A Revenue Fund; (e)  An Operating Fund; (f) An Operations and Maintenance Reserve Fund; (g)  An Insurance and Tax Escrow Fund; (h) A Repair and Replacement Fund; (i)  An Administration Fund; An Additional Ground Rent Reserve Fund; and (k)  A Surplus Fund.

extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

772 F.2d 462, 466 (8th Cir. 1985) (citations omitted).

17.     This concept of not enlarging a debtor's rights to more than a debtor had upon filing for bankruptcy was reinforced in the case of *In re Cent. Med. Ctr., Inc.*, 122 B.R. 568, 572 (Bankr. E.D. Mo. 1990). In that case, the debtor claimed that indenture trustee bond funds were property of the bankruptcy estate. The court rejected the debtor's claim and held that the bond funds were not property of the estate.

18.     Similar to our Indenture, that case involved an indenture of mortgage and deed of trust, under which several accounts were created for the benefit of the bondholders. *Id.* at 571. The court, recognizing that Bankruptcy Code § 541 is not limitless, found that the debtor had only a reversionary interest in the bond funds. Critical to the court's decision was that the bond indebtedness was not satisfied as of the petition date. Thus, the court reasoned that the debtor held only a reversionary interest in the bond funds. The court explained that debtor's reversionary interest is not a "present possessory interest" and any attempt to use the bond funds before the bond indebtedness had been satisfied would improperly expand the estate's reversionary interest to a present possessory interest and "divest the bondholders of property which is rightfully theirs." *Id.*

19.     Like the indenture in *In Cent. Med. Ctr., Inc.*, the Indenture expressly provides that the Bond Funds and the Indenture Trustee Accounts are not property of the Debtor. And like *In Cent. Med. Ctr., Inc*., as of the Petition Date, the Bond Indebtedness was not satisfied in full. While the Indenture provides that upon satisfaction of the bond indebtedness the Debtor may have an

interest in the Bond Funds,[4] this does not convert the Debtor's contingent reversionary interest in the Bond Funds to a present possessory interest that Debtor can use for its own purposes.

20.     The conclusion that the Debtor holds only a reversionary interest in the Bond Funds is reinforced by the case law. For instance, in *In Re Palm Beach Heights Development & Sales Corp.*, 52 B.R. 181, 183 (Bankr. S.D. Fla. 1985), the court considered whether funds held under a trust agreement were property of the bankruptcy estate. The court stated that:

> "[the trust agreement] fund is a trust or escrow to assure the completion of the road and drainage improvements on the property and only upon completion of the improvements, would the debtor have any interest in the fund. **Any claim, contingency or chose in action against the trust fund is the property of the estate but the fund itself is not.** The debtor may not have any part of said fund until such time as the debtor establishes that all prior claims in the fund have been paid and that a residuum remains to which it is entitled."

*Id.* at 183 (emphasis added). Just like here, any "interest" the Debtor has in the Bond Funds is contingent upon payment in full of the Bond Indebtedness. Because the Bond Indebtedness remains outstanding, the Debtor has no present possessory interest in the Bond Funds. If Bond Funds remain after payment in full of the Bond Indebtedness, then and only then, would the Debtor have a present possessory claim to the remaining Bond Funds.

21.     Similarly, in *In re Hernando Healthcare, Inc.*, 157 B.R. 701 (Bankr. M.D. Fla. 1993), the court recognized that the debt service reserve fund was designed to protect bondholders and the debtors did not have any right to utilize such debt service reserve funds until such time as the bonds and related obligations were satisfied in full. The court concluded that only the debtor's reversionary interest in the debt service reserve fund was property of the bankruptcy estate under

---

[4] Section 5.17 of the Indenture provides: "any money remaining in the Funds and Accounts hereunder shall be paid or transferred to the Borrower upon the written request of a Borrower's Representative." (Doc. No. 37, p. 66, § 5.17.)

Bankruptcy Code § 541. *See also In re Continental Airlines, Inc.*, 134 B.R. 536 (Bankr. D. Del. 1991); *In re CS Associates*, 121 B.R. 942 (Bankr. E.D. Pa. 1990).

22.      It is clear that as of the Petition Date, the Debtor holds merely a reversionary interest in the Bond Funds and not a present possessory interest in the Bond Funds. Thus, the Indenture Trustee Accounts and the Bond Funds are not property of the Debtor's estate. To hold otherwise, would impermissibly expand property of the estate beyond what Debtor held at the commencement of this case.

## CONCLUSION

23.      The Indenture Trustee Accounts were established by the Indenture Trustee for the benefit of the bondholders. As specifically stated in the Indenture, the Debtor has no present possessory interest in the Bond Funds. The Debtor is not authorized to maintain the Indenture Trustee Accounts (which are not bank accounts in the traditional sense) and any such authorization would be entirely inconsistent with the U.S. Trustee guidelines. Therefore, U.S. Bank objects to any order authorizing the Debtor's maintenance of the Indenture Trustee Accounts because these accounts are not owned by the Debtor, but rather the Indenture Trustee. Any order of this Court directing the manner in which U.S. Bank administers its trustee duties under the Indenture, whether by the establishment or maintenance of accounts or through its other administrative duties on behalf of its bondholders is inconsistent with the U.S. Trustee guidelines and with the laws governing Chapter 11 proceedings. In the same manner, there is no need for the Debtor to have authority to maintain accounts in which it has no interest.

**WHEREFORE**, U.S. Bank National Association, as trustee under that certain Trust Indenture dated as of January 1, 2019, requests that this Court enter a Final Order (i) denying the use of the Cash Management System to the extent they request to maintain and use the funds the

Indenture Trustee Accounts; (ii) declare that the Indenture Trustee Accounts are not property of the bankruptcy estate under Bankruptcy Code § 541; and (iii) such other relief as this Court deems just and proper.

Dated: June 12, 2020

**BURR FORMAN, LLP**

/s/ J. Ellsworth Summers, Jr.
J. Ellsworth Summers, Jr., Esq.
Florida Bar No. 0015769
Dana L. Robbins, Esq.
Florida Bar No. 106626
Burr & Forman LLP
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202
Phone: (904) 232-7200
Fax: (904) 232-7201
E-mail: ESummers@burr.com
E-mail: Drobbins@burr.com

Attorneys for U.S. Bank

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF System on this 12th day of June, 2020.

/s/ J. Ellsworth Summers, Jr.
J. Ellsworth Summers, Jr.