

**ORDERED in the Southern District of Florida on June 15, 2020.**

Robert A. Mark, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re: | CASE NO. 20-15173-RAM |
| | CHAPTER 11 |
| MIDTOWN CAMPUS PROPERTIES, LLC, | |
| Debtor. | |

**ORDER GRANTING IN PART
SAUER'S MOTION TO SET DEADLINE
OR ALTERNATIVELY, TO GRANT STAY RELIEF**

The Court conducted a hearing on June 15, 2020, on Sauer, Incorporated's Expedited/Emergency Motion to Set Expedited Deadline for Debtor to Assume or Reject its Executory Contract, or in the Alternative, for Relief from the Automatic Stay to Exercise its Contractual Rights (the "Sauer Motion") [DE# 60]. The Court has considered the record, including the Sauer Motion, Debtor's Response

and Objection to [the Sauer Motion] [DE# 76], and the arguments presented at the June 15th hearing.  For the reasons stated on the record, which are incorporated here by reference, it is -

**ORDERED** as follows:

1. The Sauer Motion is granted in part and the Debtor's Objection is sustained in part.

2. To the extent the Sauer Motion requested an expedited deadline for the Debtor to assume or reject the Completion Contract, the Sauer Motion is denied.

3. To the extent the Sauer Motion requested stay relief, the Sauer Motion is granted in part, as set forth below.

4. By June 29, 2020, the Debtor shall assert and/or exercise any and all of its rights and remedies against Sauer, Sauer's payment and performance bond, or any other party, at which time Sauer, the bonding company, and any other party who is the target of the Debtor's exercise of its rights and remedies, shall have stay relief, without further Order, to respond to and defend themselves and to assert affirmative claims against the Debtor.

5. If the Debtor does not take any such action prior to June 29, 2020, Sauer shall have stay relief, without further Order, to exercise its rights under the Completion Contract, as requested in the Sauer Motion.

6. The Court denies Sauer's *ore tenus* request for immediate authorization to stop work on the project.  However, Sauer and its

subcontractors may stop work if directed to do so by the Debtor. Moreover, as set forth in paragraph 8 below, Sauer may file an emergency motion to authorize it to stop working on the project if, by 5:00 p.m. on June 17, 2020, the Debtor has not paid Sauer and its subcontractors for their postpetition work as requested in the $236,000 pay application (the "Pay Application") described at the hearing, subject to paragraph 7 below.

7. The Debtor may withhold payment of portions of the Pay Application if the Debtor's architect raises an objection. The Debtor may not withhold payment based on contract disputes or assert any setoff against the amounts requested based on the Debtor's allegations of breach of contract by Sauer or its subcontractors.

8. If, by 5:00 p.m. on June 17, 2020, Sauer and its subcontractors are not paid the amounts requested in the Pay Application, subject to the reductions authorized by this Order, Sauer may file an emergency motion on Thursday, June 18, 2020, seeking authorization to stop work and the Court will conduct an emergency hearing on **Friday**, **June 19, 2020** at **10:00 a.m.** The hearing will be a telephonic hearing and all parties must appear through CourtCall.

9. The same payment requirements the Court is imposing with respect to the Pay Application will apply to postpetition work performed by Sauer and its subcontractors after the date of services covered in the Pay Application.

10. In consideration for the payments required by this Order, and to achieve a smooth transition in the best interest of the Debtor and its creditors, Sauer shall cooperate in the transition by providing copies of subcontracts, keys, permits, and other information reasonably requested by the Debtor.

11. If the Debtor believes that Sauer is not complying with paragraph 10 of this Order, the Debtor may file an emergency motion to compel compliance which, if filed, will be heard on **June 19, 2020** at **10:00 a.m.**, at a telephonic hearing.

12. Despite allowing Sauer and the Debtor to seek emergency relief, the Court strongly encourages the parties to resolve any issues over interpretation of this Order.

###

COPIES TO:

Paul J. Battista, Esq.
John D. Eaton, Esq.
Luis Salazar, Esq.

**(Attorney Battista is directed to serve a copy of this Order on all other interested parties and file a Certificate of Service)**