

**ORDERED in the Southern District of Florida on June 18, 2020.**

Robert A. Mark, Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov**

In re:                                                                         Chapter 11

**MIDTOWN CAMPUS PROPERTIES, LLC,**            Case No. 20-15173-RAM

      Debtor.
_____/

**SECOND INTERIM ORDER (I) AUTHORIZING MAINTENANCE OF CERTAIN EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM (II) WAIVING CERTAIN U.S. TRUSTEE REQUIREMENTS IN CONNECTION THEREWITH (III) EXTENSION OF TIME TO COMPLY WITH THE INVESTMENT GUIDELINES OF SECTION 345(B) (IV) GRANTING RELATED RELIEF AND <u>(V) SETTING FINAL HEARING</u>**

      **THIS CASE** came before this Court on **June 15, 2020 at 10:00 a.m.** (the "<u>Second Interim Hearing</u>") upon (i) the *Debtor's Emergency Motion For Entry Of Interim and Final Orders (I) Authorizing Maintenance of Certain Existing Bank Accounts and Cash Management*

*System (II) Waiving Certain U.S. Trustee Requirements In Connection Therewith (III) Extending Time To Comply With 11 U.S.C. §345 Investment Guidelines And (IV) Granting Related Relief* [ECF No. 19] (the "Motion")[1] filed by the above-captioned debtor-in-possession (the "Debtor") seeking entry of a second interim order (this "Second Interim Order") authorizing the Debtor to continue maintaining existing bank accounts and Cash Management System (as defined in the Motion) in the day-to-day operation of its business, (ii) the *Objection filed by U.S. Bank National Association to the Motion* [ECF No. 36] to the Motion and *U.S. Bank National Association's Memorandum of Law in Support of its Objection* [ECF No. 79], and (iii) the *Limited Objection of Sauer, Incorporated* [ECF No. 35] to the Motion. The Court held an initial hearing on the Motion on May 20, 2020 at 11:00 a.m. (the "Interim Hearing") and thereafter entered its *Interim Order (I) Authorizing Maintenance of Certain Existing Bank Accounts And Cash Management System (II) Waiving Certain U.S. Trustee Requirements In Connection Therewith (III)Extension of Time To Comply With the Investment Guidelines of Section 345(b) (IV) Granting Related Relief And (V) Setting Final Hearing* (the "First Interim Order") [ECF No. 52].

Based on the above and the arguments and presentation of counsel at the Second Interim Hearing, the Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion and at the Second Interim Hearing is in the best interests of the Debtor's estate, its creditors and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion, the First Day

---

[1] All capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Motion.

Declaration, and the statements made by counsel at the Second Interim Hearing, good and sufficient cause exists to grant the relief requested. Accordingly, it is

**ORDERED** as follows:

1. The Motion is **GRANTED** on a second interim basis to the extent set forth herein**.**

2. Pending the Final Hearing (as defined below), the U.S. Trustee Guidelines requiring that the Debtor close all existing bank accounts and open new debtor-in-possession accounts and to comply with the requirements of section 345(b) of the Bankruptcy Code are hereby waived in connection with (i) the sixteen (16) Bank Accounts maintained at U.S. Bank National Association, as trustee under that certain Trust Indenture dated as of January 1, 2019 ("Indenture"), by and between Florida Development Finance Corporation (the "Indenture Trustee Accounts"), and (ii) the Escrow Account maintained at Bank of America (the "Escrow Account") pursuant to the Escrow Agreement with Fidelity Title Insurance Company. Pending the Final Hearing or further order of the Court, the Indenture Trustee Accounts and the Escrow Account shall remain where there are currently located. This relief is without prejudice to the Debtor's right to seek a further interim order or final order at the Final Hearing.

3. The rights of all parties in interest in respect of the Motion and the relief granted herein are reserved pending the Final Hearing. The Debtor and U.S. Bank reserve all of their respective rights with respect to the characterization, ownership and/or disposition of remaining funds in the possession of U.S. Bank in the Indenture Trustee Accounts.

4. No monies will be disbursed from the Escrow Account other than pursuant to further Order of the Court, after notice of any such request and hearing thereon being provided to both Sauer, Incorporated and Fidelity Title Insurance Company.

5.  As of the entry of this Second Interim Order, the Debtor has closed and/or converted all existing pre-petition Bank Accounts at Valley National Bank, Ocean Bank and Wells Fargo to debtor-in-possession accounts in compliance with the Guidelines and no further relief is necessary.

6.  Nothing contained herein shall prevent the Debtor from opening any additional Debtor-in-Possession bank accounts in accordance with U.S. Trustee Guidelines at Authorized Depositories, or closing any existing Bank Accounts (other than the Escrow Account or Indenture Trustee Accounts without further order of the Court on notice and a hearing) as it may deem necessary and appropriate. With the exception of the Escrow Account and the Indenture Trustee Accounts, the Banks are authorized to honor the Debtor's request to open or close, as applicable, such bank accounts or other bank accounts. The Debtors shall notify the U.S. Trustee of the opening of any new bank accounts at Authorized Depositories or closing of any existing bank accounts, including by providing information regarding any such new or closed account in the Debtor's monthly operating reports.

7.  The Banks at which the Indenture Trustee Accounts and the Escrow Account are located are authorized to continue to administer, service, and maintain such Bank Accounts as such accounts were administered, serviced, and maintained prior to the Petition Date, without interruption in the usual and ordinary course, provided however, that no disbursements shall be made from the Escrow Account without further order from the Court after notice and a hearing.

8.  To the extent necessary, this Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied, and that the relief requested is necessary to avoid immediate and irreparable harm.

9.  To the extent applicable, the requirements of Bankruptcy Rule 6004(a) are hereby

waived.

10. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

11. The Court shall conduct a final hearing (the "Final Hearing") on the Motion on **July 8, 2020, at 10:00 a.m.** (Eastern Time).  The Final Hearing will be conducted by video conference using the services of Zoom Video Communications, Inc.  For instructions regarding the video conference, please refer to the *General Procedures for Hearings By Video Conference* on Judge Mark's web page on the Court's website, https://www.flsb.uscourts.gov/judges/judge-robert-mark.  To register for the video conference, click on the following link or manually enter the following link in a browser:

https://us02web.zoom.us/meeting/register/tZYod-qqpzgsHtNN-XZ8O5jo6hRwuvyiftOz

12. The general public is invited to listen to the hearing by telephone. Any person wishing to listen to the hearing by telephone may contact the Court's Courtroom Deputy, Jackie Antillon, by electronic mail at Jackie_Antillon@flsb.uscourts.gov to obtain dial-in instructions.

13. Any party in interest objecting to the relief sought in the Motion shall serve and file written objections which objections shall be served upon (a) the Debtor, (b) Genovese Joblove & Battista, P.A., counsel to the Debtor, (c) the Office of the United States Trustee for the Southern District of Florida, and (d) the entities listed on the Master Service List, if any, filed pursuant to Local Rule 2002-1(K) (collectively, the "Notice Parties"), and shall be filed with the Clerk of the United States Bankruptcy Court for the Southern District of Florida, to allow actual receipt by the foregoing Notice Parties by no later than 4:30 p.m., prevailing Eastern Time, two (2) business days prior to the Final Hearing.  The objections filed by Sauer, Incorporated and by U.S. Bank National Association to the Motion are preserved and need not be refiled

14. Notice will be provided to all parties by mailing a copy of this Second Interim Order setting the Final Hearing.

15. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Interim Order.

### 

**Submitted by:**

Paul J. Battista, Esq.
Genovese Joblove & Battista, P.A.
Counsel to Debtors-in-Possession
100 Southeast Second Street, Suite 4400
Miami, FL 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310
pbattista@gjb-law.com

**Copy furnished to:**
Paul J. Battista, Esq.
(Attorney Battista is directed to serve a conformed copy of this Order on all parties in interest)