UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                              )
                                                    )
MIDTOWN CAMPUS PROPERTIES, LLC,)        Case no. 20-15173-RAM
           Debtor.                          )        Chapter 11
                                                    )

## MOTION FOR RELIEF FROM STAY
## FILED BY JOHNS CREEK REMODELING, LLC

**Introduction:**

Creditor Johns Creek Remodeling, LLC, ("Johns Creek") moves for relief from stay in this case pursuant to 11 U.S.C. §362(d)(1). Johns Creek seeks permission to pursue a lien foreclosure action, based on state statutes, to foreclose a properly recorded lien. The Court should grant Johns Creek's request, because the Debtor has threatened to destroy Johns Creek Remodeling's legal rights in the collateral if Johns Creek does not file suit promptly.

**Facts**:

In March of 2020, Ricardo Perazza, the CEO of Johns Creek Remodeling, LLC, met with Oscar Roger, the Managing Member of Midtown Campus Properties, LLC and negotiated a contract for Johns Creek to do construction work on Midtown Campus Properties' project in Gainesville Florida. Johns Creek began work on the project on or about April 1, 2020 and completed the last of its work on or about June 1, 2020. After June 1, Johns Creek stopped working on the job because Midtown Campus Properties had consistently failed to pay invoices that Johns Creek presented for completed work. As of July 2, 2020, Johns Creek is owed $111,843.66 for unpaid invoices. The unpaid invoices are almost entirely for work that was completed after May

1

8, 2020, the date of the bankruptcy petition in this case.

Subsequent to Midtown Campus' default, Johns Creek recorded a construction lien in the public records of Alachua County, pursuant to Chapter 713 of the Florida Statutes. A true and correct copy of Johns Creek's Notice of Lien is filed herewith as Exhibit 1. Johns Creek served a copy of the Notice of Lien on Midtown Campus' counsel, by filing an Amended Proof of Claim in this case and attaching the lien as a supporting document. Shortly thereafter, on June 23, 2020, Midtown Campus Properties responded by recording a Notice of Contest of Lien in the public records of Alachua County. Exhibit 2. The filing of a Notice of Contest of Lien puts Johns Creek's lien rights in jeopardy, and for the reasons explained below, is a valid basis to grant relief from stay.

**Applicable law and argument**:

By recording and serving a Notice of Contest of Lien, Midtown Campus Properties has made it clear that they intend to extinguish Johns Creek's lien. The legal effect of filing a Notice of Contest of Lien is that "[t]he lien of any lienor upon whom such notice is served and who fails to institute a suit to enforce his or her lien within 60 days after service of such notice shall be extinguished automatically." §713.22(2) Fla. Stat. Accordingly, if Johns Creek does not file suit within sixty days from the date of service of the Notice of Contest of Lien, its rights in the collateral will be destroyed. This is certainly grounds for relief from stay.

Under 11 U.S.C. §362(d)(1) a creditor is entitled to relief from stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." Id. that Johns Creek is faced with a 'lack of adequate protection' is beyond question. Johns Creek security interest is not only inadequate; it is in grave jeopardy. As a consequence of the Debtor's actions,

Johns Creek stands to lose its collateral rights in 60 days' time if it does not file suit to enforce its lien. This is clearly grounds for relief from stay, and Johns Creek will be absolutely prejudiced if relief is not granted.

Relief from stay for cause should also be granted because Midtown Campus Properties' action is a breach of its fiduciary duty. In a Chapter 11 case the debtor in possession is a fiduciary to all of its creditors and equity security holders. In re SunCruz Casinos, LLC, 298 B.R. 821, 829 (Bankr. S.D. Fla. 2003). As such, the debtor in possession has a fiduciary duty to preserve estate assets for the benefit of creditors. In re Four Score Broadcasting, Inc., 77 B.R. 404, 407 (Bankr.W.D.N.Y.1987). In this case, the Debtor has not only breached its duty to preserve assets, it has done exactly the opposite: Midtown has placed Johns Creek's lien in jeopardy by threatening to extinguish it.

**Conclusion**:

By filing a Notice of Contest of Lien, the Debtor in this case has threatened to extinguish Johns Creek's lien rights, unless Johns Creek files suit within sixty days to enforce the lien. This act places Johns Creek in a position of inadequate protection, and it is a breach of the Debtor's fiduciary duty to preserve assets for the benefit of creditors. The only way that Johns Creek can protect its collateral is by filing suit to enforce its lien. This Court should grant Johns Creek Remodeling, LLC's Motion for Relief from Stay so that Johns Creek can file suit and preserve its lien rights.

RESPECTFULLY SUBMITTED this 14th day of July, 2020.

LAW OFFICE OF THOMAS MCDERMOTT, LLC

*/s Thomas McDermott*

Thomas McDermott
901 NW 8th Avenue, Suite B-17
Gainesville FL 32601
E-mail: mcdermott.lawyer@gmail.com
Attorney for Creditor Johns Creek Remodeling, LLC