

**ORDERED in the Southern District of Florida on December 21, 2021.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **MIDTOWN CAMPUS PROPERTIES, LLC,** | **Case No. 20-15173-RAM** |
| Debtor. _____/ | |

**ORDER APPROVING SECOND AND FINAL FEE APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR WILLIAM H. STROP, ESQ. AND THE LAW FIRM OF BECKER & POLIAKOFF, P.A. AS SPECIAL COUNSEL FOR THE CHAPTER 11 DEBTOR**

**THIS CAUSE** came before the Court on **December 20, 2021 at 9:30 a.m.** (the "Hearing") on the *Second and Final Fee Application for Allowance and Payment of Compensation for Services Rendered and Reimbursement of Expenses for William H. Strop, Esq. and the Law Firm of Becker & Poliakoff, P.A.* ("Becker") *as Counsel for the Chapter 11 Debtor, Midtown Campus Properties, LLC* (the "Debtor") [ECF No. 559] (the "Final Fee Application"). In the Final Fee Application, Becker seeks an award of fees and reimbursement of expenses incurred from January 1, 2021 through November 8, 2021 in the amount of $351,700.50 for fees, $7,424.06 for expenses and $29,910.50 for

holdback fees from the First Interim Fee Application.  The Court, having reviewed the Final Fee Application, having heard argument from counsel, having taken into consideration 11 U.S.C. § 330 and each of the factors that govern the reasonableness of fees as set forth in In re *First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977) and *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), and based on the record, it is,

    **ORDERED** as follows:

    1.    The Final Fee Application is **APPROVED**.

    2.    Becker is awarded on a final basis (i) fees sought in the Final Fee Application in the amount of $351,700.50 and reimbursement of expenses in the amount of $7,424.06, and (ii) holdback fees from the First Interim Fee Application in the amount of $29,910.50.

    3.    Based on the above, Becker is awarded final fees equal to $389,035.06.

    4.    The Debtor is authorized to pay the amounts allowed herein forthwith.

    5.    The Final Fee Award awarded to Becker is without prejudice to the payment of additional fees and reimbursement of expenses incurred before the Second Amended Plan's Effective Date upon the filing with the Court of a notice detailing the additional fees and reimbursement of expenses incurred through said date (the "Pre-Effective Date Fees").  The Debtor is authorized to pay the Pre-Effective Date Fees without further order of this Court.

    6.    In making the foregoing award, the Court has evaluated the factors set forth in *In re: First Colonial Corp.*, 544 F.2d 1291 (5th Cir. 1977) and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and finds that the amounts awarded herein represent reasonable compensation for actual and necessary services rendered and expenses incurred by Becker.

    7.    This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

###

**Submitted by:**
Paul J. Battista, Esq.
*Counsel for the Chapter 11 Debtor*
Genovese Joblove & Battista, P.A.
100 SE 2nd Street, Suite 4400
Miami, FL 33131
Tel: (305) 349-2300
Fax: (305) 349-2310
Email: pbattista@gjb-law.com

(Attorney Battista shall serve a copy of this order on all parties upon whom the Application was served, and file a certificate of service)

3