**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:                                                    **Chapter 11**

**MIDTOWN CAMPUS PROPERTIES, LLC,**          **Case No. 20-15173-RAM**

          **Debtor.**
_____/

**SUMMARY OF FIRST POST-EFFECTIVE DATE APPLCATION FOR ALLOWANCE**
**AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR**
**BRADFORD T. WILLARD, ESQ. AND THE LAW FIRM OF AVERA & SMITH, LLP**
**AS SPECIAL LITIGATION COUNSEL FOR THE REORGANIZED DEBTOR**

| | | |
|---|---|---|
| 1. | Name of Applicant: | Avera & Smith, LLP |
| 2. | Role of Applicant: | Special Litigation Counsel for the Reorganized Debtor |
| 3. | Name of Certifying Professional: | Bradford T. Willard, Esq. |
| 4. | Date Case Filed: | May 8, 2020 |
| 5. | Date of Retention Order: | |
| 6. | Period for this Application: | May 2, 2022 through June 30, 2022 |
| 7. | Amount of Compensation Sought: | $10,515.00 |
| 8. | Amount of Expense Reimbursement: | $726.28 |
| 9. | Total Amount of Compensation Sought During Case | N/A |
| 10. | Total Amount of Expense Reimbursement Sought During Case | N/A |
| 11. | Amount of Original Retainer: | N/A |
| 12. | Current Balance in GJB Trust Account: | $3,118,853.56 ("Available Cash") [1] |

---

[1] Included in the GJB Trust Balance is $2,333,869.79 reserved for Class 3 Disputed Secured Claims.  Separately, there is $1,393,319 on deposit with Fidelity National Title Insurance Company as Escrow Agent.

13. Current Balance in DIP Account(s):
   DIP Account                           $128,775.53
   DIP Operating Account                 $636,186.25
   DIP Tax Account                       $100.00

14. Post-Confirmation Quarterly Report filed :   May 31, 2022 [ECF No.679]

15. If case is Chapter 11, current funds in
   Chapter 11 estate:                    N/A

16. If case is Chapter 7, current funds held   N/A
   by Chapter 7 trustee:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:                                                                    Chapter 11

**MIDTOWN CAMPUS PROPERTIES, LLC,**                   **Case No. 20-15173-RAM**

            Debtor.
_____/

**FIRST POST-EFFECTIVE DATE APPLICATION FOR ALLOWANCE AND**
**PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**FOR BRADFORD T. WILLARD, ESQ. AND THE LAW FIRM OF AVERA & SMITH,**
**LLP AS SPECIAL LITIGATION COUNSEL FOR THE REORGANIZED DEBTOR**

        **AVERA & SMITH, LLP** ("Applicant" or "A&S"), as special litigation counsel for

Midtown Campus Properties, LLC (the "Reorganized Debtor"), seeks approval and allowance of

its fees and costs incurred from and after the Effective Date of the Plan for the period from May

2, 2022 through June 30, 2022 (the "Application Period").  This Application is filed pursuant to

11 U.S.C. § 330 and Rule 2016, Federal Rule of Bankruptcy Procedure, and the requirements set

forth in the Guidelines incorporated in Local Rule 2016-1(B). The exhibits attached to this

Application, pursuant to the Guidelines, are:

        Exhibits "1-A" and "1-B"- Summary of Professional and Paraprofessional Time.

        Exhibit "2" -   Summary of Requested Reimbursements of Expenses.

        Exhibit "3" -   A&S' complete time records, in chronological order, by activity
                        code category, for the time period covered by this Application. The
                        requested fees are itemized to the tenth of an hour.

        Exhibit "4" -   Fee Application Summary Chart.

I.     **POST CONFIRMATION COMPENSATION AND REIMBURSEMENT OF EXPENSES**

1.     On November 7, 2021, the Debtor filed its *Second Amended Plan of Reorganization* [ECF No. 516] and the *Second Amended Disclosure Statement* [ECF No. 517]. On November 10, 2021, the Court entered its *Order Approving the Second Amended Disclosure Statement* [ECF No. 521].

2.     On December 21, 2021 (the "Confirmation Date"), the United States Bankruptcy Court for the Southern District of Florida entered its *Order Confirming Second Amended Chapter 11 Plan of Reorganization Proposed by Midtown Campus Properties, LLC as Modified* [ECF No. 647] (the "Confirmation Order") in the above-captioned Chapter 11 case confirming the *Debtor's Second Amended Chapter 11 Plan of Reorganization Proposed by Midtown Campus Properties, LLC* [ECF No. 516] (the "Second Amended Plan") as modified by the *Debtor's Expedited Motion (I) To Modify Second filed by the Debtor Amended Chapter 11 Plan of Reorganization, and (II) For Related Relief* (the "Motion to Modify") [ECF No. 606].

3.     The Confirmation Order provides, in pertinent part, as follows:

13. Professional Claims. The Debtor shall pay the Allowed Professional Claims of each Professional from Available Cash in accordance with the Orders of the Bankruptcy Court. From and after the Confirmation Date until the Effective Date, the Debtor, in the ordinary course of business and without the necessity for any approval by the Bankruptcy Court, shall be permitted to pay the reasonable fees and necessary and documented expenses of the Professionals during such period. **From and after the Effective Date, the Debtor shall be permitted to pay from Available Cash all Professional Claims incurred from and after the Effective Date in accordance with Orders of the Bankruptcy Court, after the filing of an appropriate application or motion and a hearing thereon; provided that such Professional Claims may not be paid from the funds in the Disputed Claims Reserve set aside for the Class 3 Disputed Claims unless and until all such Class 3 Disputed Claims are settled or resolved.**

*Confirmation Order [ECF No. 647] pg. 28, ¶13 (emphasis added).*

4.     On December 23, 2021 (the "Effective Date"), all of the conditions precedent to the

occurrence of the Effective Date under the Second Amended Plan were satisfied. In connection

therewith, on December 29, 2021 the Debtor filed the *Notice of Occurrence of Effective Date of*

*the Plan* [ECF No. 651].  On January 25, 2022, the Debtor filed *Debtor's Notice of Additional*

*Fees and Reimbursement of Expenses Incurred by Genovese Joblove & Battista, P.A. Prior To*

*The Second Amended Plan's Effective Date* [ECF No. 652] giving notice of all fees and expenses

incurred for the period December 11, 2021 through and including December 23, 2021 (the "Pre-

Effective Date Period").

     5.     The Confirmation Order further provides as follows:

> Notwithstanding anything in the Second Amended Plan to the contrary, the Debtor and the
> Reorganized Debtor shall be entitled to use the remaining Available Cash (after payment
> of and/orthat the Debtor and the Reorganized Debtor shall be entitled to use the remaining
> Available Cash (after payment of and/or reserve as applicable for the amounts set forth
> above) for the payment of (i) any remaining pre and post-closing obligations related to the
> Project, the Purchase Agreement and/or the Sale Order, (ii) post-Effective Date U.S.
> Trustee fees, and (ii) ***post-Effective Date Professional Claims***.

*Confirmation Order [ECF No. 647] pg. 27, ¶12 (emphasis added).*

     6.     Based on the foregoing, A&S' compensation is conditioned on approval by this

Court.  Accordingly, A&S submits this Application for approval of professional fees and expenses

incurred during the Application Period. A&S seeks hereunder award of $10,515.00 in fees, plus

reimbursement of expenses in the amount of $726.28, for a total final award $11,241.28.  Pursuant

to the terms of the confirmed Second Amended Plan and Confirmation Order, professional fees

may be paid from Available Cash.

     7.     As outlined herein above, the Reorganized Debtor has sufficient Available Cash to

pay the amounts requested in this Application and those of other professionals.  Applicant submits

that the requested fee in the amount of $10,515.00 for 27.10 hours worked is reasonable

considering the nature, extent, and the value of such services, taking into account all relevant

factors enumerated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Circuit 1974), made applicable to bankruptcy proceedings by *In re First Colonial Corp. of America,* 554 F.2d 1291 (5th Circuit 1977). *First Colonial* remains applicable in the Eleventh Circuit to the determination of reasonableness of fees to be awarded under the Bankruptcy Code. *Grant v. George Schuman Tire & Battery Company*, 908 F.2d 874 (11th Cir. 1990); 2 *Collier on Bankruptcy ¶ 330.05[2][a] at 330-33 through 330-37 (L. King 15th ed. 1991); See also Bonner v. City of Prichard, 661 F.2d 1206, 1209* (11th Cir. 1981). *First Colonial, 544 F.2d at 1298-99.* The relevant factors enumerated in *Johnson* are as follows:

## II.    EVALUATION OF SERVICES RENDERED: FIRST COLONIAL CONSIDERATIONS

8.    During the Application Period, A&S performed a number of legal services, which were necessary to effectively represent the Reorganized Debtor in connection with its claims against Sauer Incorporated ("Sauer") in the State Court Actions (as defined below) pending in Alachua County.  The specific services rendered by A&S during the Application Period are detailed in the firm's billing records attached hereto as Exhibit "3".  A&S also has spent time on miscellaneous matters, which have arisen to date in the course of its representation of the Reorganized Debtor. Specifically, A&S has worked on advancing the Reorganized Debtor's claims against Sauer.

### A.        The State Court Case Filed by Sauer in Alachua County, Florida

9.    On January 18, 2021, Sauer filed a Complaint in the State Court Action in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida, Case No. 2021 CA 000076 (the "Sauer Case") against Roger Development Group, Inc., ("Roger Development"), and RDG Midtown, LLC ("RDG") which seeks affirmative recoveries against the Reorganized Debtor and related parties.

10.     In connection with the foregoing, Sauer and Midtown, and non-debtors Roger Development and RDG participated in a Mediation conference before Bruce G. Alexander on February 21, 2022, which concluded in an impasse [ECF No. 663].

11.     On April 11, 2022, the Court entered the *Order Denying Debtor's Motion for Further Extension of Temporary Injunction as to State Court Action filed by Sauer Incorporated* [ECF No. 676] and *Order Confirming Expiration of Temporary Injunction as to Alachua County Action Against Non-Debtor Third Parties* [ECF No. 677]. In light of the foregoing, the Reorganized Debtor was forced to retain counsel to defend the Sauer Case. On April 11, 2022, the Applicant filed its *Notice of Appearance* in the Sauer Case and commenced a separate action against Sauer as described in more detail below.

**B.      The State Court Action filed by the Reorganized Debtor in Alachua County, Florida.**

12.     On April 8, 2022, the Applicant filed a Complaint on behalf of the Reorganized Debtor against Sauer in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida, Case No. 2021 CA 001069 (the "Midtown Case" together with the Sauer Case collectively referred to as the "State Court Actions").

13.     On April 18, 2022, Sauer filed its *Amended Motion to Lift Stay and Filing of Amended Complaint*. On May 12, 2022, Applicant filed a *Motion to Intervene and Response and Memorandum in Opposition to Sauer's Amended Motion to Lift Stay and Filing of Amended Complaint and Motion to Consolidate*. On May 18, 2022, Sauer filed its *Reply to Response and Memorandum in Opposition to Sauer's Amended Motion to Lift Stay and Filing of Amended Complaint and Motion to Consolidate*.

14.     On June 9, 2022, the state court entered its *Order Granting, in Part, Plaintiff Sauer Incorporated's Amended Motion to Lift Stay and Filing of Amended Complaint and Granting, in*

*Part, Plaintiff's Motion to Consolidate*; thereby consolidating the Sauer Case with the Midtown Case.

15.     On June 27, 2022, *Sauer filed its Amended Complaint against Roger Development and RDG.* On July 18, 2022, the Applicant filed a *Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law on behalf of the Reorganized Debtor.* To date, the state court has not held a hearing or entered an order on the motion to dismiss.

16.     This Application presents the nature and extent of the professional services rendered by the Applicant in connection with its representation of the Reorganized Debtor in the State Court Actions. The recitals set forth in the daily diaries attached hereto constitute only a summary of the time spent. A mere reading of the time summary annexed hereto cannot completely reflect the full range of services the Applicant rendered and the complexity of the issues and the pressures of time and performance which have been placed on the Applicant in connection with this case.

17.     Based on the standards set forth in Section 330 of the Bankruptcy Code and <u>First Colonial</u>, the Applicant believes that the fair and reasonable value of its services rendered during the period covered by this Application in the amount of $10,515.00 in fees, plus reimbursement of expenses in the amount of $726.28, for a total final award $11,241.28.

A.     <u>**Time, Nature and Extent of Services Rendered, Results Obtained and Related First Colonial Factors**</u>

18.     The foregoing summary, together with the exhibits attached hereto, details the time, nature and extent of the professional services the Applicant rendered for the benefit of the Reorganized Debtor during the period covered by this Application.  The total number of hours expended (27.10).  The average hourly rate for the Applicant during the period covered by this Application is approximately $388.00.

8

**B.**    <u>**Novelty and Difficulty of Questions Presented**</u>

19.    This case presents certain novel and difficult issues that exceed a typical construction-related dispute.

**C.**    <u>**Skill Requisite to Perform Services Properly**</u>

20.    In rendering services to the Reorganized Debtor, Applicant demonstrated substantial skills and expertise in the areas of construction dispute resolution and litigation.

**D.**    <u>**Preclusion from Other Employment Due to Acceptance of Case**</u>

21.    The Applicant's representation in this case did not preclude it from accepting other employment.

**E.**    <u>**Customary Fee**</u>

22.    The hourly rates of the Applicant set forth in the attached exhibits reflect the hourly rates the Applicant bills to its clients in other similar cases.  The Court has approved these rates.

**F.**    <u>**Whether Fee is Fixed or Contingent**</u>

23.    The Applicant's compensation in this matter is subject to approval of the Court and therefore contingent.  The Court should consider this factor, which militates in favor of a fee in the amount requested.  The amount requested is consistent with the fee, which the Applicant would charge its clients in other non-contingent, construction cases.

**G.**    <u>**Time Limitations Imposed by Client or Other Circumstances**</u>

24.    The circumstances of this case periodically imposed time constraints on the Applicant due to the necessity for rapid resolution of significant issues.

**H.**    <u>**Experience, Reputation and Ability of Attorneys**</u>

25.    A&S is experienced in matters of this kind and is well known and respected in the field.

**I.**    <u>**"Undesirability" of Case**</u>

26.     This case is not undesirable.  The Applicant is privileged to have the opportunity to represent the Reorganized Debtor and appear before the Court in this proceeding.

**J.     Awards in Similar Cases**

27.     The amount requested by the Applicant is reasonable in terms of awards in cases of similar magnitude and complexity.  The compensation which the Applicant requests comports with the mandate of the Bankruptcy Code, which directs that services be evaluated in light of comparable services performed in non-bankruptcy cases in the community.  The fees requested by the Applicant reflect an average hourly rate of approximately $388.00.  Considering the results obtained in light of the contingent nature of the Applicant's employment, the infrequency of payment, and the complexity of the issues addressed during the periods covered by this Application, this rate is entirely appropriate.  Likewise, as with all law firms, the Applicant's overhead expenses are absorbed in the hourly rate.  A large portion of any fee which the Court awards the Applicant will merely defray such significant overhead expenses already incurred and paid during the pendency of this case.

**VIII.   CONCLUSION**

28.     A&S provided valuable services to the Reorganized Debtor in this case.  For this reason and all of the reasons set forth in this Application, A&S seeks a final award of $10,515.00 in fees for services rendered and $726.28 for reimbursement of expenses incurred during the Application Period.

**WHEREFORE,** the Applicant, Avera & Smith, LLP respectfully requests  the entry of an Order awarding the Applicant its fees and costs in the amount of $11,241.28, representing $10,515.00 in fees and $726.28, in expenses during the Application Period and granting such other and further relief as the Court deems appropriate.

Respectfully submitted on this 4ᵗʰ day of August 2022.

Respectfully Submitted,

**AVERA & SMITH, LLP**
*Special Litigation Counsel for Reorganized Debtor*
2814 S.W. 13th Street
Gainesville, FL 32608
Telephone: 352.372.9999

By: ___/s/ *Bradford T. Willard*_____
       Bradford T. Willard, Esq.
       Florida Bar No. 62827
       bwillard@avera.com

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Counsel for Reorganized Debtor*
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300

By: /s/ *Mariaelena Gayo-Guitian*_____
       Paul J. Battista, Esq.
       Florida Bar No. 884162
       pbattista@gjb-law.com
       Mariaelena Gayo-Guitian, Esq.
       Florida Bar No. 813818
       mguitian@gjb-law.com
       Heather L. Harmon
       Florida Bar No. 13192
       hharmon@gjb-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Application was served via CM/ECF Notification and/or U.S. Mail to all parties on the attached service list on this 4th day of August 2022.

By: /s/ *Mariaelena Gayo-Guitian*
Mariaelena Gayo-Guitian, Esq.

## SERVICE LIST

### *Via CM/ECF Notification*

Alberta L. Adams on behalf of Creditor FCCI Insurance Company
aadams@mpdlegal.com, lpeterson@mpdlegal.com

Henry H Bolz on behalf of Creditor CASL Holdings LLC
hbolz@polsinelli.com,
robrien@polsinelli.com;LBugliaro@polsinelli.com;FLdocketing@polsinelli.com

Michele A Cavallaro on behalf of Defendant Fidelity National Title Insurance Company
michele.cavallaro@fnf.com, andrea.brodsky@fnf.com

Andrew V Cobbe on behalf of Creditor Capital Steel Inc
andrew@sotolawgroup.com, rebecca@sotolawgroup.com

Dixie Daimwood on behalf of Creditor Southern Furniture Leasing, Inc.
dixie@dunlapshipman.com, jill@dunlapshipman.com

John D Eaton on behalf of Creditor Sauer, Inc
jeaton@shawde-eaton.com, sramirez@shawde-eaton.com

John D Eaton on behalf of Plaintiff Sauer, Incorporated
jeaton@shawde-eaton.com, sramirez@shawde-eaton.com

Kevin A Forsthoefel on behalf of Creditor Asset Campus USA, LLC
kforsthoefel@ausley.com, kreffitt@ausley.com

Jordi Guso, Esq. on behalf of Interested Party Roger Development Group, Inc.
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Heather L Harmon, Esq on behalf of Debtor Midtown Campus Properties, LLC
HHarmon@gjb-law.com, gjbecf@gjb-law.com;ecastellanos@gjb-
law.com;gjbecf@ecf.courtdrive.com;jsardina@gjb-law.com;cscavone@gjb-
law.com;vlambdin@gjb-law.com

Stanley Dale Klett Jr., Esq. on behalf of Creditor Sims Crane & Equipment Co.
sklett@jonesfoster.com, mhott@jonesfoster.com;lellsworth@jonesfoster.com

Gerard M Kouri Jr., Esq on behalf of Creditor Federal Insurance Company
gmkouripaecf@gmail.com, gmkouri@bellsouth.net

Gregory S Martin, Esq on behalf of Counter-Defendant Sauer, Incorporated
gsm@martinhild.com, kns@martinhild.com

Gregory S Martin, Esq on behalf of Creditor Sauer, Inc
gsm@martinhild.com, kns@martinhild.com

Gregory S Martin, Esq on behalf of Plaintiff Sauer, Incorporated
gsm@martinhild.com, kns@martinhild.com

Thomas McDermott on behalf of Creditor Johns Creek Remodeling, LLC
mcdermott.lawyer@gmail.com, assistantofmcdermott@gmail.com

Patrick M Mosley, Esq. on behalf of Creditor American Structural Concrete LLC f/k/a Southern
Pan Structures, LLC
pmosley@hwhlaw.com, telam@hwhlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Jimmy D. Parrish on behalf of Interested Party St. Augustine Parish Land, LLC
jparrish@bakerlaw.com, orlbankruptcy@bakerlaw.com;cmartin@bakerlaw.com

Michael S Provenzale on behalf of Creditor WAYNE AUTOMATIC FIRE SPRINKLERS INC.
michael.provenzale@lowndes-law.com, anne.fisher@lowndes-law.com

Dana Lee Robbins on behalf of Creditor U.S. Bank National Association, as Trustee under Trust
Indenture dated January 1, 2019, Florida Development Finance Corporation
drobbins@burr.com, mguerra@burr.com

Luis Salazar, Esq. on behalf of Creditor BMI Financial Group, Inc.
Luis@Salazar.Law, luis-salazar-
4791@ecf.pacerpro.com;Ceide@salazar.law;Halperin@Salazar.law;Aryan@Salazar.Law;Lee-
Sin@Salazar.Law;Zucker@Salazar.Law

Luis Salazar, Esq. on behalf of Interested Party Best Meridian International Insurance Company
Luis@Salazar.Law, luis-salazar-
4791@ecf.pacerpro.com;Ceide@salazar.law;Halperin@Salazar.law;Aryan@Salazar.Law;Lee-
Sin@Salazar.Law;Zucker@Salazar.Law

Steven D Schneiderman on behalf of U.S. Trustee Office of the US Trustee
Steven.D.Schneiderman@usdoj.gov

William H. Strop, Jr. on behalf of Debtor Midtown Campus Properties, LLC
wstrop@beckerlawyers.com, storres@beckerlawyers.com

William H. Strop, Jr. on behalf of Defendant Midtown Campus Properties, LLC
wstrop@beckerlawyers.com, storres@beckerlawyers.com

Jesse E Summers on behalf of Creditor U.S. Bank National Association, as Trustee under Trust

Indenture dated January 1, 2019, Florida Development Finance Corporation
esummers@burr.com, sguest@burr.com

Jesse E Summers on behalf of Defendant U.S. Bank, National Association, as Indenture Trustee
esummers@burr.com, sguest@burr.com

Christina Vilaboa-Abel on behalf of Creditor 305 Power Corp
eservice@cavalegal.com

Callie Elizabeth Waers on behalf of Plaintiff Sauer, Incorporated
cew@martinhild.com, cjw@martinhild.com


***Via U.S. Mail***

***To all parties on the attached mailing matrix***

Mark A Angelov
1301 Avenue of the Americas, Floor 42
New York, NY 10019

Maria B Bosch
1931 NW 150th Ave #110
Pembroke Pines, FL 33028

Randall R Brater
1717 K Street NW
Washington, DC 20006

Beth M Brownstein
1301 Avenue of the Americas, Floor 42
New York, NY 10019

C David Coffey
300 E University Ave #110
Gainesville, FL 32601

Edward Etcheverry
150 S Pine Island Rd #150
Ft. Lauderdale, FL 33324

Ricardo L Fraga
c/o Greenberg Traurig, PA
333 SE 2nd Ave #4400
Miami, FL 33131

Gainesville Regional Utilities

Michael Jerbich
875 N. Michigan Avenue, #3900
Chicago, IL 60611

Gregory S Martin
MARTIN HILD P.A.
555 Winderley Place #415
Maitland, FL 32751

Richard A Slider
2301 Centerpark West Dr #175
West Palm Beach, FL 33409

Callie E Waers
MARTIN HILD P.A.
555 Winderley Place, Suite 415
Maitland, FL 32751

Christopher Ward
POLSINELLI PC
222 Delaware Ave #1101
Wilmington, DE 19801

<u>**CERTIFICATION**</u>

1.      I have been designated by Avera & Smith, LLP, (the "<u>Applicant</u>") as the professional with responsibility in this case for compliance with the current Mandatory Guidelines on Fees and Disbursements For Professionals In The Southern District of Florida Bankruptcy Cases (the "<u>Guidelines</u>").

2.      I have read the Applicant's application for compensation and reimbursement of expenses (the "<u>Application</u>"). The application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the application.

3.      The fees and expenses sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

4.      In seeking reimbursement for the expenditures described on Exhibit 2, the Applicant is seeking reimbursement only for the actual expenditure and has not marked up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that the Applicant has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5.      In seeking reimbursement for any service provided by a third party, the Applicant is seeking reimbursement only for the amount actually paid by the Applicant to the third party.

6.      The following are the variances with the provisions of the Guidelines, the date of each court order approving the variance, and the justification for the variance: None

Dated:  August 4, 2022.

**AVERA & SMITH, LLP**
*Special Litigation Counsel to Reorganized Debtor*

By: /s/  *Bradford T. Willard*
        Bradford T. Willard, Esq.
        Florida Bar No. 62827

**<u>Summary of Professional and Paraprofessional Time</u>**
**<u>Total per Individual for this Period Only</u>**
**(EXHIBIT "1-A")**

[If this is a final application, and does not cumulate fee details from prior interim applications, then a separate Exhibit 1-A showing cumulative time summary from all applications is attached as well]

| Name | Partner Associate or Paraprofessional | Year Licensed | Total Hours | Average Hourly Rate | Fee |
|---|---|---|---|---|---|
| Bradford T. Willard | Partner | 1995 | $400.00 | 25.80 | $10,320.00 |
| Shannon L. Dewey | Paralegal | N/A | $150.00 | 1.30 | $195.00 |
| **TOTAL** | | | | 27.10 | **$10,515.00** |

Blended Average Hourly Rate:          $388.00

Total Fees:                          $10,515.00

**EXHIBIT "1-B"**
**Summary of Professional And Paraprofessional Time By Activity Code Category**

ACTIVITY CODE CATEGORY: Case Administration (005)

| NAME | RATE | HOURS | TOTAL FEES |
|------|------|-------|-----------|
| Bradford T. Willard | $400.00 | 3.90 | $1,560.00 |
| Shannon L. Dewey | $150.00 | 1.30 | $195.00 |
| **MATTER TOTAL** | | **5.20** | **$1,755.00** |

ACTIVITY CODE CATEGORY: General Litigation (031)

| NAME | RATE | HOURS | TOTAL FEES |
|------|------|-------|-----------|
| Bradford T. Willard | $400.00 | 21.90 | $8,760.00 |
| **MATTER TOTAL** | | **21.90** | **$8,760.00** |

**<u>Summary of Requested Reimbursement Of Expenses</u>**
**<u>for this Time Period Only</u>**
**(EXHIBIT 2)**

[If this is a final application which does not cumulate prior interim applications, a separate summary showing cumulative expenses for all applications is attached as well]

| | | |
|---|---|---|
| 1. | Filing Fees | $445.05 |
| 2. | Process Service Fees | $0.00 |
| 3. | Witness Fees | $0.00 |
| 4. | Court Reporter Fees and Transcripts | $95.00 |
| 5. | Lien and Title Searches/UCC Search | $0.00 |
| 6. | Photocopies | |
| | (a) In-house copies | $54.25 |
| | (b) Outside copies ($ ) | $0.00 |
| | (c) Scans | $30.25 |
| 7. | Postage | $0.00 |
| 8. | Overnight Delivery Charges | $101.73 |
| 9. | Outside Courier/Messenger Services | $0.00 |
| 10. | Long Distance Telephone Charges | $0.00 |
| 11. | Long Distance Fax Transmissions (copies at $1/page) | $0.00 |
| 12. | Computerized Research | $0.00 |
| 13. | Out-of-Southern-District-of-Florida Travel | |
| | (a) Transportation | $0.00 |
| | (b) Lodging | $0.00 |
| | (c) Meals | $0.00 |
| 14. | Other Permissible Expenses (must specify and justify) | |
| | (a) Data processing and importation | $0.00 |
| | (b) Data storage charges | $0.00 |

**Total Expense Reimbursement Requested**                    **$726.28**

**EXHIBIT "3"**

[The applicant's complete time records, in chronological order, by activity code category, for the time period covered by this application. The requested fees are itemized to the tenth of an hour.]



**AVERA&SMITH** LLP

ATTORNEYS AT LAW

2814 S.W. 13th Street
Gainesville, FL 32608
352.372.9999

EIN 54-2118084

| | | |
|---|---|---|
| **Invoice Date:** | 07.06.2022 |
| **Invoice Number:** | 18844 |
| **Invoice Amount:** | $11,241.28 |

Oscar J. Roger, Jr.
Midtown Campus Properties, LLC
782 N.W. 42nd Avenue, Suite 550
Miami, FL   33126
USA

**6545-27220126**
**Midtown Campus Properties, LLC**

## PROFESSIONAL SERVICES RENDERED

| | | | | | |
|---|---|---|---|---|---|
| 05.03.22 | BTW | Review prior pleadings in Alachua County Case No. 2021CA76; Analyze same; Research and Draft Motion to Intervene and Response to Amended Motion to Lift Stay. | 2.60 | 400.00 | 1,040.00 |
| 05.04.22 | BTW | Continue draft and review and revision of Motion to Intervene and Response to Motion to Lift Stay; Continued review of prior pleadings from Alachua County Case No. 2021CA76 and file. | 1.50 | 400.00 | 600.00 |
| 05.05.22 | SLD | Review email from opposing counsel's office re adding motion to consolidate to already scheduled hearing on May 24 and respond re same. | 0.20 | 150.00 | 30.00 |
| 05.06.22 | BTW | Review and analysis of Motion to Dismiss in 2022CA1069; Draft revisisions to Motion to Intervene to address Motion to Consolidate; Draft email to clients and attorney team updating them re filings; Email to Bill Strop and Aaron Pruss transmitting draft Motion to Intervene; Phone conference with Oscar Roger re same. | 1.80 | 400.00 | 720.00 |
| 05.09.22 | BTW | E-mail to Bill Strop and Aaron Pruss re conferring; Telephone conference with Bill Strop and Aaron Pruss re strategy; Review and revisions to Motion to Intervene; Draft response to Motion to Lift Stay on behalf of Roger Development and RDG; Review and revise same; Email to clients and co-counsel transmitting draft responses. | 3.20 | 400.00 | 1,280.00 |
| 05.10.22 | BTW | Telephone Conference with Oscar Roger and Oscar Roger Jr. re responses to Motions to Lift Stay; Receive and review proposed revisions to Motion to Intervene from Aaron Pruss and research re same. | 2.10 | 400.00 | 840.00 |
| 05.11.22 | BTW | Review and revise, per Aaron Pruss's proposed revisions, Midtown's Motion to Intervene; Legal research re same; Organize for filing and for delivery of case law packets to Judge Keim; Review Oscar Roger's proposed revisions. | 2.90 | 400.00 | 1,160.00 |
| 05.12.22 | BTW | Telephone Conference with Oscar Roger, Oscar Roger Jr, Bill Strop, and Aaron Pruss; Prepare for same. | 1.30 | 400.00 | 520.00 |
| 05.12.22 | SLD | Prepare Motion, Response, Memorandum and case law for Judge Keim for hearing scheduled on May 24. | 0.40 | 150.00 | 60.00 |
| 05.12.22 | SLD | Preparation of Letter to Judge Keim re response, memorandum and case law for hearing. | 0.20 | 150.00 | 30.00 |

27220126    Midtown Campus Properties, LLC    Invoice No. 18844                     Page 2

| Date | TK | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 05.13.22 | BTW | Receive and review filing from Sauer re consent to withdraw Waers. | 0.10 | 400.00 | 40.00 |
| 05.17.22 | BTW | Review order on motion to withdraw. | 0.10 | 400.00 | 40.00 |
| 05.18.22 | BTW | Prepare for hearing on pending motions; Review and analysis of reply filed by Sauer. | 0.80 | 400.00 | 320.00 |
| 05.20.22 | BTW | Telephone Conference with Oscar Roger; Email to Bill Strop and Aaron Pruss re coordinating on hearing strategy. | 0.90 | 400.00 | 360.00 |
| 05.20.22 | SLD | Organize and bookmark motions and case law for BTW for zoom hearing. | 0.50 | 150.00 | 75.00 |
| 05.22.22 | BTW | Research PA law as it pertains to converting a PA profit corporation to a foreign (FL) LLC; Analysis of same. | 0.80 | 400.00 | 320.00 |
| 05.23.22 | BTW | Telephone conference with Bill Strop and Aaron Pruss in advance of hearing on Motion to Lift Stay and Motion to Consolidate; Telephone conference with Bill Strop, Aaron Pruss, Oscar Roger, and Oscar Roger Jr re same; Prepare for hearing; Review file and motions, along with case law in preparation of same; Draft outline for argument; Receive and review case-related email correspondence. | 3.10 | 400.00 | 1,240.00 |
| 05.24.22 | BTW | Prepare for and attend hearing on Motion to Lift Stay and Motion to Consolidate; Phone conference with Bill Strop and clients re same. | 1.60 | 400.00 | 640.00 |
| 05.25.22 | BTW | Review proposed order from Frank Hild; Telephone conference with Frank Hild. | 0.40 | 400.00 | 160.00 |
| 05.26.22 | BTW | E-mail correspondence with JA re proposed order; Receive and review correspondence from Frank Hild; Draft revisions to proposed order; Telephone conference with Bill Strop re proposed revisions to order; Email correspondence re same; Follow up emails re same; Receive and brief review of privileged communications re creditor positioning. | 0.80 | 400.00 | 320.00 |
| 06.06.22 | BTW | Receive and review email correspondence related to order on pending motions. | 0.20 | 400.00 | 80.00 |
| 06.09.22 | BTW | Receive and review entered order. | 0.10 | 400.00 | 40.00 |
| 06.15.22 | BTW | E-mail correspondence with Bill Strop and Aaron Pruss re status of case; Review file and Order in connection with same. | 0.20 | 400.00 | 80.00 |
| 06.15.22 | BTW | Telephone Conference with Bill Strop; Lengthy telephone conference with Oscar Roger re strategy. | 1.30 | 400.00 | 520.00 |

**TOTAL PROFESSIONAL SERVICES RENDERED:**                     **10,515.00**

**TIMEKEEPER SUMMARY**

| | | Hours | Rate | Amount |
|---|---|---|---|---|
| SLD | Dewey, Shannon L | 1.30 | 150.00 | 195.00 |
| BTW | Willard, Bradford T | 25.80 | 400.00 | 10,320.00 |

**DISBURSEMENTS**

| Date | Description | Amount |
|---|---|---|
| 05.02.22 | Federal Express; Invoice # 773657072; Overnight Delivery - | 42.61 |
| 05.02.22 | Federal Express; Invoice # 773657072; Overnight Delivery - | 59.12 |
| 05.25.22 | Mastercard Payment for Filing Fees | 445.05 |
| 06.02.22 | Scribe Associates, Inc.; Invoice # 238338; Court Reporter | 95.00 |
| 06.02.22 | Scribe Associates, Inc.; Invoice # 238338; Court Reporter | -95.00 |
| 06.02.22 | Phipps Reporting; Invoice # 238338; Court Reporter | 95.00 |
| 06.30.22 | Printing | 53.50 |
| 06.30.22 | Scans | 30.25 |
| 06.30.22 | Photocopying | 0.75 |

27220126      Midtown Campus Properties, LLC   Invoice No. 18844                                Page 3

**TOTAL DISBURSEMENTS INCURRED:**                    **$726.28**

**INVOICE SUMMARY**

| | |
|---|---|
| Total fees incurred on this invoice | $10,515.00 |
| Total expenses incurred on this invoice | $726.28 |
| **TOTAL CURRENT CHARGES** | **$11,241.28** |
| Net Balance Forward | $0.00 |
| **PLEASE PAY THIS AMOUNT:** | **$11,241.28** |

**PLEASE MAKE YOUR CHECK PAYABLE TO AVERA & SMITH, LLP AND
PLEASE ALSO INCLUDE THE INVOICE NUMBER WITH YOUR REMITTANCE.   THANK YOU.**

**EXHIBIT "4"**

**FEE APPLICATION SUMMARY CHART**

| DATE | FEES | COSTS | TOTAL |
|---|---|---|---|
| 6-30-22 | $10,515.00 | 726.28 | 11,241.28 |