**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**
**www.flsb.uscourts.gov**

**In re:**

                                                **Chapter 11**

**MIDTOWN CAMPUS PROPERTIES, LLC**     **Case No. 20-15173-RAM**

       **Debtor.**
_____/

**REORGANIZED DEBTOR'S MOTION FOR ENTRY OF**
**FINAL DECREE CLOSING CHAPTER 11 CASE**

**MIDTOWN CAMPUS PROPERTIES, LLC** (the "Debtor" or the "Reorganized Debtor"), by and through undersigned counsel, and pursuant to 11 U.S.C. § 350 and Rule 3022 of the Federal Rules of Bankruptcy Procedure hereby files this *Final Report and Motion for Entry of Final Decree Closing Chapter 11 Case* (the "Motion"), and in support thereof respectfully states:

**JURISDICTION**

1. This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to sections 28 U.S.C §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

**BACKGROUND**

2. On May 8, 2020 (the "Petition Date"), the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), Case No. 20-15173-RAM (the "Chapter 11 Case").

3. On November 7, 2021, the Debtor filed its *Second Amended Chapter 11 Plan of Reorganization Proposed by Midtown Campus Properties, LLC* (the "Second Amended

Plan")[ECF No. 516] as modified by the *Debtor's Expedited Motion (I) To Modify Second filed by the Debtor Amended Chapter 11 Plan of Reorganization, and (II) For Related Relief* (the "Motion to Modify") [ECF No. 606].[1]

4.   On December 21, 2021 (the "Confirmation Date"), the Court entered its *Order Confirming Second Amended Chapter 11 Plan of Reorganization Proposed by Midtown Campus Properties, LLC as Modified* [ECF No. 647] (the "Confirmation Order").

5.   On December 23, 2021, the Debtor consummated the Second Amended Plan, pursuant to the terms of which the Project was sold and certain distributions were made to creditors with allowed claims. In addition, pursuant to the terms of the confirmed Second Amended Plan and the Confirmation Order, the Debtor established a Disputed Claims Reserve, which contained the remaining funds from the sale of the Project and the funds in the Escrow Account, pending the resolution and/or settlement of objections to claims that the Debtor had filed, including specifically the secured claims asserted by Sauer and FCCI (each as defined below).

6.   On December 29, 2021, the Debtor filed a *Notice of Occurrence of Effective Date of Debtor's Second Amended Chapter 11 Plan of Reorganization, As Modified* [ECF No. 651] verifying that all conditions precedent to the occurrence of the Effective Date of the Second Amended Plan were satisfied.

7.   On January 12, 2023, the Reorganized Debtor filed the *Reorganized Debtor's Motion Pursuant To Section 105(A) Of The Bankruptcy Code And Fed. R. Bankr. P. 9019 For Entry Of An Order Approving The Terms Of A Global Settlement Agreement And Release By*

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Second Amended Plan. All references to the Second Amended Plan shall refer to the Second Amended Plan as modified by the Motion to Modify.

2

*And Among The Reorganized Debtor, Sauer Incorporated, And Other Parties* [ECF No. 710](the "Settlement Motion"), seeking entry of an Order approving the terms of that certain Global Settlement Agreement and Release, dated January 11, 2023 (the "Settlement Agreement"), by and among (i) the Reorganized Debtor, (ii) each of Multi Assistance Services, Inc., College Park Group, LLC, RDG Midtown, LLC and Antonio M. Sierra (collectively, the "Midtown Members"), (iii) each of Oscar A. Roger, Oscar Roger, Jr. and Roger Development Group, Inc. (collectively, the "Rogers"), (iv) Sauer Construction, LLC f/k/a Sauer Incorporated ("Sauer"), (v) Federal Insurance Company ("Federal"), (vi) Fidelity National Title Insurance Company ("Fidelity"), (vii) FCCI Insurance Company ("FCCI"), and (viii) LP Construction, Inc. ("LP"), Midtown, the Midtown Members, the Rogers, Sauer, Federal, Fidelity, FCCI and LP (collectively, the "Parties").

8.  On February 2, 2023, the Court entered the *Order Approving Stipulation Reorganized Debtor's Motion Pursuant To Section 105(A) Of The Bankruptcy Code And Fed. R. Bankr. P. 9019 For Entry Of An Order Approving The Terms Of A Global Settlement Agreement And Release By And Among The Reorganized Debtor, Sauer Incorporated, And Other Parties* [ECF No. 719] (the "Settlement Order") approving the Settlement Agreement which provided, in pertinent part, for the final compromise, resolution and settlement of any and all issues, claims and disputes between and among Midtown, Sauer and the other Parties, including, but not limited to, those disputes related to the Project, the Bankruptcy Case, the Sauer Claim, the Sauer Adversary, the Counterclaim, the Completion Contract, the Escrow Agreement, the FCCI Bond, the Federal Bond, the FCCI Claim, the LP Claim of Lien, the LP Subcontract, the Pedreiras Subcontract, the Pedreiras Lawsuit, the Sauer Alachua Case, the Assigned Claims, and the

Midtown Alachua Case, all in accordance with the terms and conditions set forth in the Settlement Agreement.[2]

9. Contemporaneously with the filing of the Settlement Motion, the Reorganized Debtor filed the *Reorganized Debtor's Motion for Entry of Order (I) Approving Final Distributions Pursuant to Second Amended Plan, (II) Approving Resolution of Claims Objections and Distributions Thereon, And (III) Granting Related Relief* [ECF No. 715](the "Distribution Motion"), seeking the entry of an Order approving the resolution of the objections to claims and approval of a proposed distribution of the remaining funds in the Bankruptcy Case.

10. On February 2, 2023, the Court entered its *Order Granting Reorganized Debtor's Motion for Entry of Order (I) Approving Final Distributions Pursuant to Second Amended Plan, (II) Approving Resolution of Claims Objections and Distributions Thereon, And (III) Granting Related Relief* [ECF No. 720](the "Distribution Order") approving and authorizing the Reorganized Debtor to pay in full the Allowed Claims of Johns Creek Remodeling, LLC (Claim #2) in the amount of $55,000, American Structural Concrete LLC (Claim No. 9) in the amount of $175,000, and Sims Crane (Claim No. 11) in the amount of $215,053.68 (collectively, the "Allowed Claims") as final and complete satisfaction of each claimant's Allowed Claim. The Distribution Order further authorized the Reorganized Debtor to reserve an aggregate amount equal to $365,000: (i) for the payment of U.S. trustee fees in an amount estimated to be $15,000; (ii) for the payment of post-confirmation professional fees and expenses incurred and expected to be incurred by the Reorganized Debtor in an amount up to $200,000 (the "Professional Fee Reserve"), (iii) to establish a contingency reserve in the amount of $100,000 for the payment of any expenses that may arise that are not presently known by the Reorganized Debtor, including

---

[2] All capitalized terms used in this paragraph 8 shall have the meanings set forth in the Settlement Agreement.

4

additional U.S. trustee fees or professional fees (the "Contingency Reserve"), and (iv) to establish a reserve in the amount of $50,000 for the payment of any and all expenses incurred, or to be incurred, in connection with the wind down of the Chapter 11 Case and the wind down of the Company (the "Expense Reserve").

11. Additionally, the Distribution Order authorized the Reorganized Debtor to pay all U.S. trustee fees when due. After payment of the Allowed Claims and the creation of the reserve for U.S. trustee fees, the Professional Fee Reserve, the Contingency Fee Reserve, and the Expense Reserve, the Reorganized Debtor was further authorized to distribute the remaining net proceeds to the holders of Equity Interests in Class 5 under the Second Amended Plan in accordance with their respective Equity Interests, as well as any funds remaining in the Professional Fee Reserve, the Contingency Reserve or the Expense Reserve after all obligations related thereto have been paid.

12. Finally, the Distribution Motion authorized the Reorganized Debtor to pay any additional professional fees incurred after January 31, 2023, without further notice or order of the Court, subject to filing a notice and summary of professional fees and costs proposed to be paid from the Professional Fee Reserve.

13. On March 7, 2023, the Reorganized Debtor filed a *Notice and Summary of Post-Confirmation Fees and Expenses Incurred By Professionals* [ECF No. 727] (the "Fee Notice"). In connection with the foregoing, undersigned counsel paid each of the professionals the fees and expenses set forth on the Fee Notice from the Professional Fee Reserve,

14. Pursuant to the Second Amended Plan and the Confirmation Order, all property of the Debtor's estate vested in the Reorganized Debtor free and clear of all Liens, Claims, charges, or other encumbrances except as provided therein.

15. In addition, the Second Amended Plan became effective and was substantially consummated on December 21, 2021 within the meaning of 11 U.S.C. § 1101(2).

16. The Reorganized Debtor has paid in full and/or resolved all Allowed Administrative Expense Claims, all Allowed Priority Claims, all Secured Claims, all General Unsecured Claims, all Equity Interests and all United States Trustee's Fees as set forth as required by the Second Amended Plan, the Settlement Order and the Distribution Order and set forth in **Exhibit "A"**.

17. There are no longer any pending adversary proceedings, objections to claims or contested matters remaining in this Chapter 11 Case that would prevent closure of this Chapter 11 Case.

18. Attached as **Exhibit "A"** is the Reorganized Debtor's verified final report and accounting of payment of claims from the Effective Date through March 31, 2023. Thus, in accordance with Federal Rules of Bankruptcy Procedure 3022, the Plan has been substantially consummated and the Reorganized Debtor requests that this Court enter a Final Decree closing the Chapter 11 Case.

## RELIEF REQUESTED AND BASIS FOR RELIEF

19. By this Motion, the Reorganized Debtor requests the entry of a final decree closing this Chapter 11 Case.

20. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Rule 3022 further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

21. The term "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules. *See Shotkoski v. Fokkena (In re Shotkoski)*, 420 B.R. 479, 483 (B.A.P. 8th Cir. 2009). The Advisory Committee Note to Rule 3022 provides that the following factors should be considered in determining whether a case has been fully administered:

> (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

*Fed. R. Bankr. P. 3022, Advisory Committee Note* (1991).

22. No single factor from the Advisory Committee Notes is dispositive. *See In re Kliegel Bros.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999). Rather, the factors are intended as guidelines to aid the court in resolving whether a case has been fully administered, which is a fact-specific determination. *See In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990); *Shotkoski*, 420 B.R. at 483. Accordingly, bankruptcy courts are afforded a high degree of flexibility in determining whether a case has been fully administered. *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997). "[T]he decision as to whether an estate is 'fully administered' is one that falls within the discretion of the bankruptcy judge." *Id.* (entry of final decree under Rule 3022 is reviewed for abuse of discretion).

23. Further, numerous courts have determined that a final decree may be entered even while adversary proceedings or an appeal remain pending. *See, e.g.*, *In re Clinton Nurseries, Inc.*, 2020 WL 1237212 (Bankr. Conn. March 4, 2020)(based on the totality of the circumstances of the case, the debtor's bankruptcy case was fully administered notwithstanding the pendency of

adversary proceedings or an appeal); *In re Federated Dep't Stores, Inc.*, 43 F. App'x 820, 822 (6th Cir. 2002) (affirming entry of final decree where all actions required by the plan had been completed, notwithstanding unresolved personal injury litigation); *In re Union Home & Indus., Inc.*, 375 B.R. 912, 919 (B.A.P. 10th Cir. 2007) ("The continuation of an adversary proceeding … is insufficient by itself to keep a case from being considered 'fully administered.'"); *In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. E.D. Ill. 1998) (finding case was fully administered despite pending adversary proceeding against former creditor); *In re Provident Fin., Inc.,* 2010 WL 6259973, *9 (B.A.P. 9th Cir. 2010) (affirming bankruptcy court decision to close chapter 11 case while dismissal of adversary complaint against debtor was pending on appeal).

24. The "[e]ntry of a final decree 'is essentially an administrative task.'" *In re Avaya Inc.*, 2020 WL 5051580, *2 (S.D.N.Y. April 30, 2020), citing to *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 541 (Bankr. E.D.N.Y 1999). "The final decree 'simply delineates on the docket that the case is closed; it represents the administrative conclusion of s case for record keeping purposes.'" *See Avaya* at *2. *See, e.g., McClelland v. Grubb & Ellis Consulting Servs. Co. (In re McClelland)*, 377 B.R. 446, 453-54 (Bankr. S.D.N.Y. 2007) (stating that a final decree is "an administrative task … for record-keeping purposes" and "If the estate is otherwise fully administered, the Debtor's adversary proceeding … should not delay closing of the case."). "Even after a final decree is entered, a bankruptcy proceeding can be reopened. *See* 11 U.S.C. § 350(b)." *See Avaya* at *2.

25. Here, the applicable factors overwhelmingly support the entry of a final decree closing the Chapter 11 Case, including because: (i) the Second Amended Plan has been substantially consummated; (ii) all payments required to be made under the Second Amended

8

Plan have been made, settled and/or resolved, including the claims asserted by Sauer, Federal, Fidelity, FCCI, and LP, and the obligations to all holders of Allowed Priority Claims, Allowed Unsecured Claims, Allowed Secured Claims and Equity Interests; and (iii) all professional fees and expenses have been paid or reserved. Moreover, while this Chapter 11 Case remains open, the Reorganized Debtor is required to continue paying quarterly United States trustee's fees, which fees are based on all disbursements through the date of Final Decree. Accordingly, closing the Chapter 11 Case will relieve the Reorganized Debtor of such obligations.

26. Based on the foregoing, the Reorganized Debtor respectfully submits that the Chapter 11 Case is fully administered and that closing the Chapter 11 Case is therefore appropriate at this time.

**WHEREFORE**, the Reorganized Debtor respectfully requests the Court enter a final decree closing the Chapter 11 Case and granting such other and further relief as the Court deems appropriate.

Dated this 9th day of May, 2023.

                                        Respectfully Submitted,

                                        **VENABLE, LLP.**
                                        *Attorneys for the Reorganized Debtor*
                                        100 Southeast Second Street, Suite 4400
                                        Miami, Florida 33131
                                        Telephone: (305) 349-2300
                                        Facsimile : (305) 349-2310

                                        By:    /s/*Paul J. Battista*
                                                      Paul J. Battista, Esq.
                                                      Florida Bar No. 884162
                                                      pjbattista@venable.com
                                                      Mariaelena Gayo-Guitian, Esq.
                                                      Florida Bar No. 0813818
                                                      mguitian@venable.com
                                                      Heather L. Harmon, Esq.
                                                      Florida Bar No. 013192
                                                      hlharmon@venable.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this Motion was served to all registered users through the CM/ECF System on the attached service list on this 9th day of May, 2023.

By: /s/ *Mariaelena Gayo-Guitian*<br>Mariaelena Gayo-Guitian, Esq.

## SERVICE LIST

### *Served via CM/ECF Notification:*

Alberta L. Adams on behalf of Creditor FCCI Insurance Company
aadams@mpdlegal.com, lpeterson@pdtlegal.com

Paul J. Battista, Esq on behalf of Accountant Ralph A Espinosa
pjbattista@venable.com,
cascavone@venable.com;jnunez@venable.com;imalcolm@venable.com;heburke@venable.com

Paul J. Battista, Esq on behalf of Accountant Soneet R Kapila
pjbattista@venable.com,
cascavone@venable.com;jnunez@venable.com;imalcolm@venable.com;heburke@venable.com

Paul J. Battista, Esq on behalf of Consultant Richard A Slider
pjbattista@venable.com,
cascavone@venable.com;jnunez@venable.com;imalcolm@venable.com;heburke@venable.com

Paul J. Battista, Esq on behalf of Debtor Midtown Campus Properties, LLC
pjbattista@venable.com,
cascavone@venable.com;jnunez@venable.com;imalcolm@venable.com;heburke@venable.com

Paul J. Battista, Esq on behalf of Defendant Midtown Campus Properties, LLC
pjbattista@venable.com,
cascavone@venable.com;jnunez@venable.com;imalcolm@venable.com;heburke@venable.com

Paul J. Battista, Esq on behalf of Plaintiff Midtown Campus Properties, LLC
pjbattista@venable.com,
cascavone@venable.com;jnunez@venable.com;imalcolm@venable.com;heburke@venable.com

Paul J. Battista, Esq on behalf of Special Counsel William H. Strop
pjbattista@venable.com,
cascavone@venable.com;jnunez@venable.com;imalcolm@venable.com;heburke@venable.com

Henry H Bolz on behalf of Creditor CASL Holdings LLC
hbolz@polsinelli.com,
robrien@polsinelli.com;LBugliaro@polsinelli.com;FLdocketing@polsinelli.com

Michele A Cavallaro on behalf of Defendant Fidelity National Title Insurance Company
michele.cavallaro@fnf.com, andrea.brodsky@fnf.com

Andrew V Cobbe on behalf of Creditor Capital Steel Inc
andrew@sotolawgroup.com, rebecca@sotolawgroup.com

Dixie Daimwood on behalf of Creditor Southern Furniture Leasing, Inc.
dixie@dunlapshipman.com, jill@dunlapshipman.com

John D Eaton on behalf of Creditor Sauer, Inc
jeaton@shawde-eaton.com, sduquesnay@shawde-eaton.com

John D Eaton on behalf of Plaintiff Sauer, Incorporated
jeaton@shawde-eaton.com, sduquesnay@shawde-eaton.com

Kevin A Forsthoefel on behalf of Creditor Asset Campus USA, LLC
kforsthoefel@ausley.com, kreffitt@ausley.com

Mariaelena Gayo-Guitian on behalf of Debtor Midtown Campus Properties, LLC
mguitian@venable.com,
jnunez@venable.com;cascavone@venable.com;imalcolm@ecf.courtdrive.com

Mariaelena Gayo-Guitian on behalf of Defendant Midtown Campus Properties, LLC
mguitian@venable.com,
jnunez@venable.com;cascavone@venable.com;imalcolm@ecf.courtdrive.com

Jordi Guso, Esq. on behalf of Interested Party Roger Development Group, Inc.
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Heather L Harmon, Esq on behalf of Debtor Midtown Campus Properties, LLC
hlharmon@venable.com,
jnunez@venable.com;gjbecf@ecf.courtdrive.com;cascavone@venable.com

Stanley Dale Klett Jr., Esq. on behalf of Creditor Sims Crane & Equipment Co.
sklett@jonesfoster.com, mhott@jonesfoster.com;lellsworth@jonesfoster.com

Gerard M Kouri Jr., Esq on behalf of Creditor Federal Insurance Company
gmkouripaecf@gmail.com, gmkouri@bellsouth.net

Gregory S Martin, Esq on behalf of Counter-Defendant Sauer, Incorporated

gsm@martinhild.com, kns@martinhild.com

Gregory S Martin, Esq on behalf of Creditor Sauer, Inc
gsm@martinhild.com, kns@martinhild.com

Gregory S Martin, Esq on behalf of Plaintiff Sauer, Incorporated
gsm@martinhild.com, kns@martinhild.com

Thomas McDermott on behalf of Creditor Johns Creek Remodeling, LLC
mcdermott.lawyer@gmail.com, assistantofmcdermott@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Jimmy D. Parrish on behalf of Interested Party St. Augustine Parish Land, LLC
jparrish@bakerlaw.com, orlbankruptcy@bakerlaw.com;cmartin@bakerlaw.com

Michael S Provenzale on behalf of Creditor WAYNE AUTOMATIC FIRE SPRINKLERS INC.
michael.provenzale@lowndes-law.com, anne.fisher@lowndes-law.com

Dana Lee Robbins on behalf of Creditor U.S. Bank National Association, as Trustee under Trust Indenture dated January 1, 2019, Florida Development Finance Corporation
drobbins@burr.com, mguerra@burr.com

Luis Salazar, Esq. on behalf of Creditor BMI Financial Group, Inc.
Luis@Salazar.Law, luis-salazar-4791@ecf.pacerpro.com;Ceide@salazar.law;Halperin@Salazar.law;Lee-Sin@Salazar.Law;Mejia@Salazar.Law;mederos@Salazar.Law

Luis Salazar, Esq. on behalf of Interested Party Best Meridian International Insurance Company
Luis@Salazar.Law, luis-salazar-4791@ecf.pacerpro.com;Ceide@salazar.law;Halperin@Salazar.law;Lee-Sin@Salazar.Law;Mejia@Salazar.Law;mederos@Salazar.Law

Steven D Schneiderman on behalf of U.S. Trustee Office of the US Trustee
Steven.D.Schneiderman@usdoj.gov

William H. Strop, Jr. on behalf of Debtor Midtown Campus Properties, LLC
wstrop@beckerlawyers.com, storres@beckerlawyers.com

William H. Strop, Jr. on behalf of Defendant Midtown Campus Properties, LLC
wstrop@beckerlawyers.com, storres@beckerlawyers.com

Jesse E Summers on behalf of Creditor U.S. Bank National Association, as Trustee under Trust Indenture dated January 1, 2019, Florida Development Finance Corporation
esummers@burr.com, sguest@burr.com

Jesse E Summers on behalf of Defendant U.S. Bank, National Association, as Indenture Trustee
esummers@burr.com, sguest@burr.com

Christina Vilaboa-Abel on behalf of Creditor 305 Power Corp
eservice@cavalegal.com

Callie Elizabeth Waers on behalf of Plaintiff Sauer, Incorporated
cew@martinhild.com, cjw@martinhild.com

# EXHIBIT "A"

**MIDTOWN CAMPUS PROPERTIES, LLC**
**CASE NO. 20-15173-RAM**
**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Receipt and Disbursement Detail from December 23, 2021 (Effective Date) through March 31, 2023**

| Account | Date | Category | Check # | Claim Category | Description | Receipts | Disbursements |
|---|---|---|---|---|---|---|---|
| VNB 0547 | 03/01/22 | Expenses | | | ACH Origination Fee | | (40.00) |
| VNB 0547 | 04/01/22 | Expenses | | | ACH Origination Fee | | (40.00) |
| VNB 0547 | 05/02/22 | Expenses | | | ACH Origination Fee | | (40.00) |
| VNB 0547 | 06/01/22 | Expenses | | | ACH Origination Fee | | (40.00) |
| VNB 0547 | 07/01/22 | Expenses | | | ACH Origination Fee | | (40.00) |
| VNB 0547 | 08/01/22 | Expenses | | | ACH Origination Fee | | (40.00) |
| VNB 0547 | 09/01/22 | Expenses | | | ACH Origination Fee | | (40.00) |
| VNB 0547 | 10/03/22 | Expenses | | | ACH Origination Fee | | (40.00) |
| VNB 0547 | 11/01/22 | Expenses | | | ACH Origination Fee | | (40.00) |
| VNB 0547 | 12/01/22 | Expenses | | | ACH Origination Fee | | (40.00) |
| VNB 0547 | 01/01/23 | Expenses | | | ACH Origination Fee | | (40.00) |
| VNB 0547 | 02/01/23 | Expenses | | | ACH Origination Fee | | (40.00) |
| VNB 0547 | 03/01/23 | Expenses | | | ACH Origination Fee | | (40.00) |
| GJB Trust | 02/28/23 | Expenses | CK #1142 | GUC | American Structural Concrete, LLC | | (175,000.00) |
| GJB Trust | 02/28/23 | Expenses | CK #990000111 | Equity | Antonio M. Sierra Living Trust | | (518,582.88) |
| VNB 0946 | 01/28/22 | Expenses | CK #1759 | | Asset Campus USA, LLC | | (3,820.09) |
| VNB 0946 | 02/04/22 | Expenses | CK #1768 | | Asset Campus USA, LLC | | (8,595.14) |
| GJB Trust | 08/25/22 | Expenses | CK #990000046 | | Avera & Smith, LLP | | (11,241.28) |
| Sale | 12/23/21 | Expenses | | | B. Riley Real Estate, LLC | | (1,308,054.91) |
| VNB 0547 | 01/04/22 | Expenses | Bank Fee | | Bank Origination Fee | | (40.00) |
| VNB 0547 | 02/01/22 | Expenses | | | Bank Origination Fee | | (40.00) |
| GJB Trust | 08/25/22 | Expenses | CK #990000047 | | Becker & Poliakoff, P.A. | | (61,602.56) |
| GJB Trust | 03/09/23 | Expenses | CK #1154 | Professional | Becker & Poliakoff, P.A. | | (21,477.00) |
| GJB Trust | 12/27/21 | Expenses | 4136 | | Becker & Poliakoff, P.A. | | (389,035.06) |
| GJB Trust | 06/07/22 | Expenses | CK #990000029 | | Best Meridian International Insurance | | (134,180.30) |
| GJB Trust | 12/28/21 | Expenses | 52410 | | Best Meridian International Insurance Co. SPS | | (7,400,000.00) |
| GJB Trust | 06/07/22 | Expenses | CK #990000028 | | BMI Financial Group Inc | | (55,410.00) |
| GJB Trust | 12/28/21 | Expenses | 08/24/42 | | BMI Financial Group Inc | | (5,200,000.00) |
| VNB 0547 | 09/19/22 | Expenses | CK #4327 | | Bruce G. Alexander | | (3,675.00) |
| VNB 0547 | 01/26/22 | Expenses | CK #4304 | | C. David Coffey, P.A. | | (2,855.00) |
| Sale | 12/23/21 | Deposits | | | CA Student Living Midtown Gainesville, LLC | 104,100,000.00 | |
| Sale | 12/23/21 | Expenses | | | CA Student Living Midtown Gainesville, LLC | | (136,779.34) |
| Sale | 12/23/21 | Expenses | | | CA Student Living Midtown Gainesville, LLC | | (87,150.13) |
| Sale | 12/23/21 | Expenses | | | CA Student Living Midtown Gainesville, LLC | | (67,716.00) |
| Sale | 12/23/21 | Expenses | | | CA Student Living Midtown Gainesville, LLC | | (37,500.00) |
| Sale | 12/23/21 | Expenses | | | CA Student Living Midtown Gainesville, LLC | | 3,231.35 |
| Sale | 12/23/21 | Expenses | | | CA Student Living Midtown Gainesville, LLC | | 1,799.40 |
| GJB Trust | 02/28/22 | Expenses | CK #5301 | | Ciklin Lubitz | | (1,050.00) |
| VNB 0946 | 03/02/22 | Expenses | CK #1760 | | City of Gainesville | | (69.25) |
| GJB Trust | 02/17/23 | Expenses | CK #990000102 | Equity | College Park Group, LLC | | (640,602.37) |
| VNB 0946 | 01/24/22 | Expenses | | | Conservice Syne | | (1,941.44) |
| VNB 0946 | 01/19/22 | Expenses | Wire | | Conservice Syne | | (42,478.31) |
| VNB 0946 | 01/10/22 | Expenses | CK #1748 | | Cover All Painting & Repairs, Inc. | | (200.00) |
| VNB 0946 | 04/13/22 | Expenses | | | Cox Comm | | (7.68) |
| VNB 0946 | 04/13/22 | Expenses | | | Cox Comm | | (267.03) |
| VNB 0547 | 04/13/22 | Expenses | | | Cox Comm | | (1,719.13) |
| VNB 0547 | 06/24/22 | Expenses | CK #4325 | | Darlene Roman-Rossy | | (2,962.50) |
| VNB 0547 | 02/07/22 | Expenses | CK #4306 | | Darlene Roman-Rossy | | (4,350.00) |
| VNB 0547 | 07/12/22 | Deposits | | | Deposit | 607.83 | |
| VNB 0547 | 03/06/23 | Deposits | | | Deposit | 1,246.43 | |
| VNB 0547 | 03/06/23 | Deposits | | | Deposit | 1,241.35 | |
| VNB 0547 | 03/06/23 | Deposits | | | Deposit | 2,385.83 | |
| VNB 0547 | 03/06/23 | Deposits | | | Deposit | 2,828.43 | |
| VNB 0547 | 03/06/23 | Deposits | | | Deposit | 1,221.60 | |
| VNB 0547 | 03/06/23 | Deposits | | | Deposit | 2,353.39 | |
| VNB 0547 | 03/06/23 | Deposits | | | Deposit | 1,419.89 | |
| VNB 0547 | 03/06/23 | Deposits | | | Deposit | 1,917.28 | |
| VNB 0547 | 03/06/23 | Deposits | | | Deposit | 1,704.39 | |
| VNB 0547 | 03/06/23 | Deposits | | | Deposit | 1,599.61 | |
| VNB 0547 | 03/06/23 | Deposits | | | Deposit | 1,564.49 | |
| VNB 0547 | 03/06/23 | Deposits | | | Deposit | 1,707.19 | |
| VNB 0547 | 03/06/23 | Deposits | | | Deposit | 1,814.12 | |
| VNB 0547 | 03/06/23 | Deposits | | | Deposit | 1,171.35 | |
| VNB 0946 | 01/11/22 | Expenses | CK #1749 | | Duane Gregory | | (986.59) |
| GJB Trust | 12/29/21 | Expenses | 08/22/43 | | Ecologic Industries, LLC | | (90,589.97) |
| VNB 0547 | 08/05/22 | Expenses | CK #4326 | | Elsinger Law | | (3,272.08) |
| VNB 0946 | 01/31/22 | Expenses | CK #1761 | | Entrata | | (202.50) |
| VNB 0946 | 01/03/22 | Expenses | CK #1750 | | Entrata | | (763.29) |
| VNB 0946 | 04/06/22 | Expenses | CK #1056 | | False Alarm Reduction Unit | | (405.25) |
| GJB Trust | 02/17/23 | Expenses | CK #99000105 | Secured | FCCI Insurance Company | | (170,000.00) |
| VNB 0547 | 02/08/22 | Refund/Void | CK #2799 | | Feagin Total Communication | | (560.00) |
| VNB 0547 | 01/10/22 | Expenses | | | Federal Express | | (401.33) |
| Sale | 12/23/21 | Expenses | | | First American Title Insurance | | (750.00) |
| GJB Trust | 05/03/22 | Deposits | | | First American Title Insurance | 500,000.00 | |
| GJB Trust | 02/24/23 | Deposits | | | FL Commercial Services FXFV | 1,393,151.27 | |
| VNB 0547 | 02/15/22 | Expenses | CK #4309 | | Florida Department of State | | (138.75) |
| VNB 0547 | 04/04/22 | Expenses | CK #4321 | | Fong Investment | | (600.00) |
| VNB 0547 | 04/13/22 | Expenses | CK #4322 | | Fong Investment | | (840.00) |
| VNB 0547 | 01/03/22 | Expenses | CK #4303 | | Fong Investment | | (1,200.00) |
| VNB 0547 | 01/20/22 | Expenses | CK #4307 | | Fong Investment | | (1,200.00) |
| VNB 0547 | 01/25/22 | Expenses | CK #4308 | | Fong Investment | | (1,200.00) |
| VNB 0547 | 01/31/22 | Expenses | CK #4310 | | Fong Investment | | (1,200.00) |
| VNB 0547 | 02/14/22 | Expenses | CK #4311 | | Fong Investment | | (1,200.00) |
| VNB 0547 | 02/14/22 | Expenses | CK #4312 | | Fong Investment | | (1,200.00) |
| VNB 0547 | 02/22/22 | Expenses | CK #4313 | | Fong Investment | | (1,200.00) |
| VNB 0547 | 02/24/22 | Expenses | CK #4302 | | Fong Investment | | (1,200.00) |

**MIDTOWN CAMPUS PROPERTIES, LLC**
**CASE NO. 20-15173-RAM**
**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Receipt and Disbursement Detail from December 23, 2021 (Effective Date) through March 31, 2023**

| Account | Date | Category | Check # | Claim Category | Description | Receipts | Disbursements |
|---|---|---|---|---|---|---|---|
| VNB 0547 | 02/28/22 | Expenses | CK #4314 | | Fong Investment | | (1,200.00) |
| VNB 0547 | 03/14/22 | Expenses | CK #4317 | | Fong Investment | | (1,200.00) |
| VNB 0547 | 03/21/22 | Expenses | CK #4318 | | Fong Investment | | (1,200.00) |
| VNB 0547 | 03/28/22 | Expenses | CK #4319 | | Fong Investment | | (1,200.00) |
| VNB 0547 | 03/08/22 | Expenses | CK #4316 | | Fong Investment | | (1,272.63) |
| Sale | 12/23/21 | Expenses | | | Funds Held Post-Closing Holdback | | (500,000.00) |
| Sale | 12/23/21 | Expenses | | | Funds Held St. Augustine Water Reimbursement Holdback | | (10,855.08) |
| VNB 0946 | 01/31/22 | Expenses | CK #1764 | | Gainsville Shine Always Cleaners | | (1,500.00) |
| GJB Trust | 12/27/21 | Expenses | 5224 | | Garcia Espinosa Miyares Rodriguez Trueba & Company, LLP | | (47,657.28) |
| GJB Trust | 01/31/22 | Expenses | CK #5242 | | Garcia, Espinosa, Miyares, Rodriguez, Trueba & Co | | (6,719.24) |
| GJB Trust | 03/09/23 | Expenses | CK #1155 | Professional | Garcia, Espinosa, Miyares, Rodriguez, Trueba & Co | | (9,192.50) |
| VNB 0946 | 01/19/22 | Expenses | CK #1752 | | Gator Leak & Drain LLC | | (522.50) |
| GJB Trust | 01/20/22 | Expenses | CK #5196 | | Genovese, Joblove & Battista, P.A. | | (76,693.71) |
| GJB Trust | 08/25/22 | Expenses | CK #5438 | | Genovese, Joblove & Battista, P.A. | | (136,418.80) |
| GJB Trust | 03/09/23 | Expenses | CK #1156 | Professional | Genovese, Joblove & Battista, P.A. | | (85,698.08) |
| GJB Trust | 12/31/21 | Expenses | 04/28/14 | | Genovese, Joblove & Battista, P.A. | | (1,406,290.66) |
| VNB 0547 | 01/24/22 | Expenses | CK #4152 | | Globe Construction Services | | (1,000.00) |
| VNB 0547 | 01/24/22 | Expenses | CK #4165 | | Globe Construction Services | | (1,000.00) |
| VNB 0547 | 10/24/22 | Expenses | CK #4328 | | Greenberg Traurig, P.A. | | (600.00) |
| GJB Trust | 12/27/21 | Expenses | 5222 | | Greenberg Traurig, P.A. | | (69,713.50) |
| VNB 0946 | 02/02/22 | Expenses | | | Gru Web Pay | | (94.69) |
| VNB 0946 | 02/02/22 | Expenses | | | Gru Web Pay | | (228.64) |
| VNB 0946 | 02/02/22 | Expenses | | | Gru Web Pay | | (233.02) |
| VNB 0946 | 02/02/22 | Expenses | | | Gru Web Pay | | (239.25) |
| VNB 0547 | 03/01/22 | Expenses | CK #4286 | | Hunter Davis | | (4,170.00) |
| VNB 0946 | 01/26/22 | Expenses | | | IMAD:20220126B1B7SM1F000610 BENEFICIARY NAME:MIDTOWN APARTME REF FOR BEN: | | (2,000.00) |
| Sale | 12/23/21 | Expenses | | | John Power, Tax Collector Alachua County Tax Collector | | (72,975.70) |
| GJB Trust | 02/28/23 | Expenses | CK #1143 | Secured | Johns Creek Remodeling LLC | | (55,000.00) |
| GJB Trust | 12/27/21 | Expenses | 24350 | | Joseph Hage Aaronson LLC | | (33,534.74) |
| VNB 0946 | 01/19/22 | Expenses | | | JSC Monitoring Reimbursement | | (139.10) |
| VNB 0547 | 05/24/22 | Expenses | CK #4275 | | Juliana Marques | | (750.00) |
| GJB Trust | 05/26/22 | Expenses | CK #990000024 | | KapilaMukamal P.A. | | (2,970.00) |
| GJB Trust | 08/25/22 | Expenses | CK #990000048 | | KapilaMukamal P.A. | | (16,474.82) |
| GJB Trust | 03/09/23 | Expenses | CK #1157 | Professional | KapilaMukamal P.A. | | (4,041.65) |
| GJB Trust | 12/27/21 | Expenses | 5221 | | KapilaMukamal P.A. | | (239,974.82) |
| VNB 0547 | 06/15/22 | Expenses | CK #4324 | | Kazlow & Fields LLC | | (1,045.00) |
| GJB Trust | 03/09/23 | Expenses | CK #1158 | Professional | Law Firm of Avera & Smith, LLP | | (26,874.75) |
| VNB 0946 | 03/01/22 | Expenses | CK #1053 | | Layla Adamo | | (434.94) |
| VNB 0946 | 01/10/22 | Expenses | | | Legacy Fit Gym | | (3,500.00) |
| VNB 0547 | 01/10/22 | Refund/Void | | | Legacy Fit Gym | 3,500.00 | |
| VNB 0547 | 01/11/22 | Refund/Void | | | Legacy Sport & F Sale | | (3,500.00) |
| VNB 0547 | 04/07/22 | Expenses | CK #4320 | | McCullough Water Services | | (67.27) |
| VNB 0946 | 03/02/22 | Expenses | Bank Fee | | Merchant Service Fee | | (79.99) |
| VNB 0946 | 04/04/22 | Expenses | | | Merchant Service Fee | | (79.99) |
| VNB 0946 | 02/02/22 | Expenses | | | Merchant Service Fee | | (181.08) |
| VNB 0946 | 01/03/22 | Expenses | | | Merchant Service Fee | | (262.46) |
| VNB 0946 | 01/03/22 | Deposits | | | Merchant Service Merch Dep | 5.50 | |
| VNB 0946 | 01/03/22 | Deposits | | | Merchant Service Merch Dep | 30.50 | |
| VNB 0946 | 01/03/22 | Deposits | | | Merchant Service Merch Dep | 49.75 | |
| VNB 0946 | 01/04/22 | Deposits | | | Merchant Service Merch Dep | 47.50 | |
| VNB 0946 | 01/05/22 | Deposits | | | Merchant Service Merch Dep | 99.50 | |
| VNB 0946 | 01/12/22 | Deposits | | | Merchant Service Merch Dep | 25.00 | |
| VNB 0946 | 01/20/22 | Deposits | | | Merchant Service Merch Dep | 219.50 | |
| VNB 0946 | 01/21/22 | Deposits | | | Merchant Service Merch Dep | 163.50 | |
| VNB 0946 | 01/24/22 | Deposits | | | Merchant Service Merch Dep | 142.50 | |
| VNB 0946 | 01/24/22 | Deposits | | | Merchant Service Merch Dep | 145.00 | |
| VNB 0946 | 01/24/22 | Deposits | | | Merchant Service Merch Dep | 151.75 | |
| VNB 0946 | 01/25/22 | Deposits | | | Merchant Service Merch Dep | 212.75 | |
| VNB 0946 | 01/26/22 | Deposits | | | Merchant Service Merch Dep | 12.00 | |
| VNB 0946 | 01/27/22 | Deposits | | | Merchant Service Merch Dep | 46.25 | |
| VNB 0946 | 01/28/22 | Deposits | | | Merchant Service Merch Dep | 26.75 | |
| VNB 0946 | 01/31/22 | Deposits | | | Merchant Service Merch Dep | 15.25 | |
| GJB Trust | 02/28/23 | Expenses | CK #990000112 | Equity | Multi Assistance Services Inc | | (1,342,214.50) |
| VNB 0946 | 01/07/22 | Deposits | Wire | | OMAD:20220107B1B7SM1F00097701071 ORIG PARTY NAME:MIDTOWN APARTMEN REF FOR BEN:220107041699 | 65,142.23 | |
| GJB Trust | 02/17/23 | Expenses | CK #990000103 | Equity | RDG Midtown, LLC | | (549,087.72) |
| GJB Trust | 03/09/23 | Expenses | CK #1159 | Professional | Pardo Jackson Gainsburg, PL | | (31,420.00) |
| VNB 0946 | 01/19/22 | Expenses | CK #1754 | | Parking Boxx Corp | | (147.52) |
| VNB 0547 | 01/26/22 | Expenses | CK #4305 | | PGAL | | (30,453.35) |
| VNB 0946 | 03/07/22 | Expenses | CK #1054 | | Phillip Stansel | | (1,405.05) |
| VNB 0547 | 11/08/22 | Expenses | | | Quarterly Fee Payment | | (3,927.83) |
| VNB 0547 | 03/03/22 | Expenses | CK #4315 | | Raise & Shine Blinds, Inc. | | (2,631.00) |
| VNB 0547 | 01/07/22 | Expenses | Wire | | Rasie & Shine B | | (4,904.50) |
| VNB 0946 | 01/31/22 | Expenses | CK #1765 | | RealPage Inc | | (642.16) |
| VNB 0547 | 02/09/22 | Refund/Void | | | Return Check #2799 | 560.00 | |
| GJB Trust | 12/24/21 | Expenses | 627 | | Roger Development Group, Inc | | (157,700.00) |
| GJB Trust | 12/28/21 | Expenses | 40644 | | Salazar Law, LLP | | (108,774.97) |
| GJB Trust | 12/24/21 | Expenses | 90950 | | Sauer Inc. | | (28,103.81) |
| GJB Trust | 02/17/23 | Expenses | CK #990000104 | Secured | Sauer Inc. | | (1,000,000.00) |
| VNB 0946 | 03/25/22 | Expenses | CK #1055 | | Schnidler Elevator Corp | | (1,000.00) |
| VNB 0946 | 01/06/22 | Expenses | CK #1756 | | Schnidler Elevator Corp | | (6,107.50) |
| VNB 0547 | 01/14/22 | Expenses | CK #4212 | | Schnidler Elevator Corp | | (34,908.30) |
| GJB Trust | 02/28/23 | Expenses | CK #1144 | GUC | Sims Crane & Equipment Co | | (215,053.68) |
| GJB Trust | 08/25/22 | Expenses | CK #990000049 | | Slider Engineering Group | | (2,002.50) |
| GJB Trust | 12/27/21 | Expenses | 5223 | | Slider Engineering Group | | (11,481.91) |

**MIDTOWN CAMPUS PROPERTIES, LLC**
**CASE NO. 20-15173-RAM**
**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Receipt and Disbursement Detail from December 23, 2021 (Effective Date) through March 31, 2023**

| Account | Date | Category | Check # | Claim Category | Description | Receipts | Disbursements |
|---|---|---|---|---|---|---|---|
| Sale | 12/23/21 | Expenses | | | Southern Furniture Leasing | | (400,000.00) |
| VNB 0946 | 08/04/22 | Expenses | | | Spay Leasedirect | | (7,775.37) |
| Sale | 12/23/21 | Expenses | | | St. Augustine Parish Land, LLC | | (3,000.00) |
| Sale | 12/23/21 | Expenses | | | St. Augustine Parish Land, LLC | | (10,000.00) |
| VNB 0946 | 01/28/22 | Expenses | CK #1766 | | The Best Restoration LLC | | (95.00) |
| VNB 0547 | 05/03/22 | Refund/Void | CK #4323 | | Threshold Agency | | (801.00) |
| VNB 0946 | 05/05/22 | Expenses | | | Threshold Agency | | (801.00) |
| VNB 0547 | 05/05/22 | Refund/Void | | | Threshold Agency | 801.00 | |
| GJB Trust | 02/17/23 | Account Transfers | | | Transfer from VNB 0547 | 592,160.81 | |
| VNB 0946 | 11/22/22 | Account Transfers | | | Transfer from VNB 0660 | 100.00 | |
| VNB 0547 | 02/17/23 | Account Transfers | | | Transfer from VNB 0946 | 627,828.86 | |
| VNB 0547 | 02/17/23 | Account Transfers | Wire | | Transfer to GJB Trust | | (592,160.81) |
| VNB 0946 | 02/17/23 | Account Transfers | | | Transfer to VNB 0547 | | (627,828.86) |
| VNB 0660 | 11/22/22 | Account Transfers | | | Transfer to VNB 0946 | | (100.00) |
| GJB Trust | 12/23/21 | Account Transfers | | | Trf from Sale to GFB Trust | 17,920,249.59 | |
| Sale | 12/23/21 | Account Transfers | | | Trf from Sale to GFB Trust | | (17,920,249.59) |
| Sale | 12/23/21 | Expenses | | | U.S. Bank NA | | (83,550,000.00) |
| VNB 0946 | 01/06/22 | Expenses | CK #1758 | | US Postal Solutions Inc. | | (1,542.67) |
| VNB 0946 | 01/11/23 | Expenses | | Quarterly Fees | US Trustee | | (250.17) |
| GJB Trust | 05/31/22 | Expenses | CK #5395 | Quarterly Fees | US Trustee | | (241,260.13) |
| VNB 0547 | 01/05/22 | Expenses | CK #4291 | | V&G Quality Services, LLC | | (8,990.35) |
| VNB 0547 | 01/01/22 | Expenses | CK #4292 | | V&G Quality Services, LLC | | (16,354.23) |
| GJB Trust | 03/09/23 | Expenses | CK #990000119 | Professional | Venable LLP | | (26,310.00) |
| GJB Trust | 03/09/23 | Expenses | CK #1160 | Professional | Ver Ploeg & Marino | | (4,820.00) |
| VNB 0547 | 01/07/22 | Expenses | Bank Fee | | Wire Transaction Fee | | (15.00) |
| VNB 0946 | 01/07/22 | Expenses | | | Wire Transaction Fee | | (15.00) |
| VNB 0946 | 01/19/22 | Expenses | | | Wire Transaction Fee | | (15.00) |
| VNB 0946 | 01/24/22 | Expenses | Wire | | Wire Transaction Fee | | (15.00) |
| VNB 0946 | 01/26/22 | Expenses | | | Wire Transaction Fee | | (15.00) |
| VNB 0547 | 02/17/23 | Expenses | Bank Fee | | Wire Transaction Fee | | (25.00) |
| VNB 0946 | 01/28/22 | Expenses | CK #1767 | | Xerographic USA | | (46.54) |